Plaintiffs, individually, and on behalf of a class of similarly situated persons, sued the Board of School Commissioners of Mobile County and the past and present commissioners in their individual capacities, claiming breach of contract and fraud in that the school board had adopted a sick leave policy and then refused to follow it. The plaintiffs voluntarily dismissed their fraud claim against all defendants; the trial court then granted summary judgment for the defendants, and the plaintiffs appeal.
Two issues are raised in this appeal: (1) whether the sick leave incentive plan, approved by the Board, violates Ala.Const. Art. IV, § 68, and, (2) if the plan is not violative of § 68, whether the Board's failure to comply fully with Code 1975, § 16-8-10, prevents the plan from being enforceable against the Board. We find no constitutional infirmity in the plan, and further hold that the employees are entitled to receive the benefits of the plan.
The facts surrounding this case are essentially undisputed, although their legal effect is contested. The record shows that on October 12, 1983, the Board unanimously approved a policy authorizing payment of $100.00 to all employees who achieved perfect attendance for the 1983-84 school year. At a second Board meeting, on October 26, 1983, the commissioners voted to change that policy to provide, instead of the $100.00 bonus, a bonus of $20.00 for each unused sick leave day, up to a maximum of nine unused days per year. Under both plans, the bonus was to be paid after the end of the school year. As proposed and ratified, both plans were to be retroactive to the beginning of the 1983-84 school year.
After the meeting of October 26, County School Superintendent Hammons assigned to his staff the task of implementing the new policy. The record on appeal contains copies of correspondence between Deputy Superintendent Newton and a Dr. Martin in the Human Resources Division; that correspondence clarified several aspects for the plan's implementation and requested that Dr. Martin have the Human Resources Division prepare a bulletin for inclusion in the school system's weekly information notices. The record also contains copies of a Mobile County Public School System newsletter dated December 1983, which gives notice to all system employees that the $20.00 incentive pay plan had been adopted.
On March 28, 1984, Superintendent Hammons furnished the Board members with a copy of an opinion letter from the Board's attorney which suggested that a cash incentive award would be unconstitutional under Art. IV, § 68. The record is not clear what Board action followed this meeting, but when eligible employees filed notice *Page 218 
with the Board requesting pay for unused days, the Board replied that, in the opinion of its attorney, the October 26 plan was unconstitutional, but that it was considering an alternative incentive plan to be implemented in lieu of the cash award plan. Plaintiffs then filed suit to compel the Board to make payments pursuant to the stated sick leave policy.
On appeal from summary judgment in favor of the school board, the plaintiffs contend that, when the school board adopted the sick leave policy and published notice of that policy to its employees, the policy became specifically enforceable under the doctrine of Belcher v. Jefferson County Board of Education,474 So.2d 1063 (Ala. 1985). The Board argues that, under Code 1975, § 16-8-10, its proposals never rose to the level of enforceable policy; further, the Board argues that any such policy, regardless of implementation, would be unconstitutional and thus unenforceable against the Board. Ala. Const. Art. IV, § 68.
We examine first the Board's contention that its proposed policy is unconstitutional under Ala. Const. Art. IV, § 68, which provides:
 "The legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee, or allowance to any public officer, servant, or employee, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money but by authority of law. . . ."
The Board contends that the sick leave policy would unconstitutionally provide additional compensation to a public servant or employee after services had been rendered. It argues that each employee begins the school year with a contract which states that employee's salary, and that state law provides a specified number of sick leave days and that any unused days may be retained for future use. The Board concludes that, being an illegal contract, the sick leave policy cannot be enforced against it. We do not find the Board's reasoning persuasive.
Section 68 prohibits additional payment for services already rendered, and it prohibits an increase in compensation for officers during their terms of office. However, § 68 contains no prohibition against the granting of additional compensation in exchange for additional consideration given by the officer, servant, or employee.
Forbearance of the exercise of a legal right has long been recognized as valid consideration. Generally, the issue arises in the context of the forbearance of the filing or prosecution of a lawsuit. See, e.g., Wilson v. Vulcan Rivet Bolt Corp.,439 So.2d 65 (Ala. 1983). However, the concept is equally applicable to the facts at hand. It is stated at 17 C.J.S.Contracts § 103 (1963) that "The waiver of a right or forbearance, or promise to forbear to exercise the same, is a sufficient consideration for a promise made on account of it. The alteration in position is regarded as a detriment which forms a consideration independent of the actual value of the right forborne." Here, the school employees were legally entitled to the use of their sick leave days. Their forbearance in reliance on the promise of the Board constituted adequate consideration to support a contract for additional compensation to be paid by the Board.
The Board also argues that, because the bonus was to be paid at the end of the school year, it would be unconstitutional as being additional payment after services had been rendered. This argument is not persuasive; it does not differ from the payment of a salary at the end of the month in which the labor was done. However, we do find that the retroactivity provision of the pay plan violates § 68. See Belcher v. McKinney,333 So.2d 136 (Ala. 1976). To hold otherwise would be to say that, since sick leave days may be accumulated throughout an employee's career, the Board could at any time establish such a *Page 219 
policy retroactive to the first day of an employee's hiring.
Having found the policy, as limited by the foregoing, to be constitutional, we need not address the plaintiffs' argument that teachers and support personnel are not such officers, servants, employees, agents, or contractors as are contemplated by § 68, or that the Board is not a county or municipal authority for the purposes of § 68.
The Board next contends that, even if its policy is constitutionally permissible, the "proposal" never matured into enforceable policy, because the requirements of Code 1975, § 16-8-10, were never fulfilled. That section reads as follows:
"§ 16-8-10. Educational policy of county.
 "The county board of education shall, upon the written recommendation of the county superintendent of education, determine and establish a written educational policy for the county and shall prescribe rules and regulations for the conduct and management of the schools. Before adopting written policies the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens. The county board must establish such policies and adopt such rules and regulations and file them with the state superintendent of education. Such written policies, rules and regulations, so established, adopted or promulgated shall be made available to all teachers employed by the county board. Any amendments to such policies, rules and regulations shall be developed in the same manner, filed with the state superintendent and furnished to the teachers employed by the local board within 20 days after adoption thereof."
As noted above, the plaintiffs contend that, under Belcher,supra, they have a specifically enforceable entitlement to the benefits of the October 26 incentive plan. The Board conceded that, if the requirements of the statute had been fulfilled, then the plaintiffs would have a contract, albeit an unenforceable one under Art. IV, § 68. However, the Board argues that, since it neither adopted the necessary rules and regulations, nor filed them with the state superintendent of education, the "plan" never became "policy."
See City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110
(1967), in which this Court held the City of Montgomery to be estopped to deny the claim of a citizen who was injured on a defective city sidewalk, and who had promptly notified the city of the injury, but, relying on the cooperation and assurance of city officials, did not file a sworn claim within six months as required by Code 1940, Tit. 37, § 476 (now codified at Code 1975, § 11-47-23). There, this Court held that it would be inequitable to allow the city to seek shelter behind the limitations statute, and applied the doctrine of equitable estoppel in favor of the plaintiffs. See, also, Mason v. MobileCounty, 410 So.2d 19 (Ala. 1982); Fuller v. City of Birmingham,377 So.2d 957 (Ala. 1979); Alford v. City of Gadsden,349 So.2d 1132 (Ala. 1977); Brasher v. City of Birmingham,341 So.2d 137 (Ala. 1976).
In the case at bar, we believe that the equities are even more strongly on the side of the plaintiffs. The non-claim statutes are intended for the direct benefit of the county or municipal government, and only indirectly benefit the general public. Section 16-8-10, read in its entirety, demonstrates that the purpose of the notice and comment provisions, and of the requirement that the state superintendent be notified, inure to the benefit of the system's teachers and other employees, and also to members of the general public concerned with education; we find little direct benefit to the Board in that section. It appears that a substantial number of the Board's employees relied on the notice published in the system's newsletter; that the Board made no great attempt to notify those employees of its reconsideration of the policy; and that the statutory requirements, excepting only the requirement that the state superintendent be notified, have been substantially complied with; therefore, *Page 220 
we conclude that it would be unjust and inequitable to deny the employees the benefits of the incentive pay plan.
In light of the foregoing, the judgment is due to be, and it hereby is, reversed, and the cause is remanded to the trial court for a determination of the amount of compensation due to each teacher and support employee, computed prospectively from November 1983 to the end of the 1983-84 school year.
REVERSED AND REMANDED WITH DIRECTIONS.
JONES, ALMON, SHORES, and BEATTY, JJ., concur.