This appeal arises from the Oneonta City Board of Education's discontinuation of local step and/or incremental salary raises in the Oneonta city school system. Appellants include both individually named school teachers and the Oneonta Education Association, which represents a majority of the teachers in the city school system.
On August 14, 1985 the Oneonta City Board of Education adopted a new salary schedule for 1985-86. At this same meeting the Board voted to eliminate the local steps and increments previously included in the teachers' salary schedule.
In response, appellants filed a complaint in the Blount County Circuit Court alleging, among other things, that the action resulted in the teachers being deprived of incremental increases in their salaries and that the action violated the provisions of section 16-11-18, Code 1975.
That section provides, in pertinent part:
 "The city board of education shall, upon the written recommendation of the city superintendent of education, determine and establish a written educational policy for the city. . . . Before adopting written policies, the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens. . . . Any subsequent amendments to such policies . . . shall be developed in the same manner. . . ."
§ 16-11-18, Code 1975.
Appellants maintain that the salary schedule changes constituted an amendment to the Board's salary policy and that the Board was, consequently, required to obtain the city superintendent's written recommendation and to consult the appellants before acting. Appellants further contend that the Board's actions are invalid as they violated the Board's own written policies.
The Board has responded, contending that the modification of the salary schedule did not constitute a "policy" modification as contemplated by section 16-11-18, Code 1975, and is, therefore, not governed by that particular section. The Board admits in brief that the adopted salary schedule modification was implemented without the written recommendation of the superintendent. It maintains, however, that the establishment of salaries is governed only by section 16-11-17, Code 1975.
That section provides: "The city board of educationshall fix the salaries of all employees. . . ." § 16-11-17, Code 1975.
Although we agree with the Board's contention that section16-11-17, Code 1975, creates an affirmative duty on the city board of education to fix its employees' salaries, we do not find that this prevents the Board's decision to remove incremental raises from its salary schedules from categorization as a "policy" decision.
The record reveals that the Board established a written educational policy for the city. Within that policy, the Board promulgated a policy on teacher salaries. Consequently, although section 16-11-17, Code 1975, authorizes merely "fixing salaries," *Page 1352 
the Board has brought itself under the purview of section16-11-18, Code 1975, by establishing a salary policy.
In short, we recognize that section 16-11-17, Code 1975, imposes a statutory obligation on city boards of education to "fix salaries." However, with regard to fixing salaries, the Board's previously established "policy" was to grant incremental and/or step raises based on a teacher's tenure and the degrees he or she possessed. More specifically, the Oneonta Board of Education has a set of school board policies, one of which concerns and is entitled "salary schedules." Once the Board adopted a salary schedule and termed it a "policy," it remained in effect — to the extent it complied with Alabama laws — until the statute was properly modified. See, Walker County Board of Education v. WalkerCounty Education Association, 431 So.2d 948 (Ala. 1983).
It is undisputed that the superintendent failed to make a "written recommendation" that the salary schedule be amended to its present form. This failure alone is fatal to the policy modification. § 16-11-18, Code 1975. Consequently, the trial court erred in not declaring the modification void.
We also note that the Board, by way of its answer, admitted that it had failed to consult with the Oneonta Education Association prior to the modification. Such action is also required by the statute. § 16-11-18, Code 1975.
As a result of our determination that a change in salary schedules is properly classified as a "policy" modification and in view of the Board's failure to comply with the procedures governing said policy modification, we reverse the judgment of the trial court. The cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.