HOLMES, Judge.
This is a case involving the teacher tenure laws of this state.
In June 1987, the Macon County Board of Education (Board) voted to eliminate certain salary supplements which it had been paying the plaintiffs, apparently since 1982. The plaintiffs are tenured within the county school system.
The plaintiffs filed suit in the Macon County Circuit Court, contending that the Board’s action violated Ala.Code (1975), § 16-8-10 (1987 RepLVol.), and requesting that their salary supplements be reinstated. Following ore terms proceedings, the trial court held that the Board’s elimination of the salary supplements was void due to the Board’s failure to comply with § 16-8-10.
The Board appeals. We affirm.
Ala.Code (1975), § 16-8-10, requires the board to establish Macon County’s “written educational policy,” along with rules and regulations for the management of the schools. The statute provides, however, that, “[b]efore adopting written policies the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens.”
It is undisputed that the Board did not meet the above requirement of § 16-8-10 by consulting with principals, teachers, or assistants, or their professional organization before it voted to eliminate the salary supplements in June 1987. The Board contends, however, that it was not required to *1332 engage in such consultation because the salary supplements which it eliminated were not part of Macon County’s educational policy and thus were not subject to the provisions of § 16-8-10.
We disagree.
The recent case of Baker v. Oneonta City Board of Education, 519 So.2d 1350 (Ala.Civ.App.1987), is largely dispositive of this issue. In that case the Oneonta City Board of Education voted to eliminate the local steps and increments previously included in its teachers’ salary schedule without consulting with the teachers or their professional association. The teachers and their association filed suit, charging that the Oneonta Board had violated Ala.Code (1975), § 16-11-18, the city board of education counterpart to § 16-8-10, which governs county boards.
The Oneonta Board contended that it was not required to comply with § 16-11-18 in eliminating the salary supplements because the establishment of salaries was not an educational policy of the city. It argued that the establishment of salaries was governed only by Ala.Code (1975), § 16-11-17, which provides that a city board of education “shall fix the salaries of all employees.”
Reversing the trial court in that case, this court held that within the written educational policy established by the Oneonta Board was what was termed a “policy” on teacher salaries. Because the Oneonta Board had failed to comply with § 16-11-18 before modifying that policy, this court held that the trial court erred in not declaring the board's action to be “void.”
We find the Baker decision to be practically on all fours with this case. The Board presented testimony in this case that the salary supplements which it eliminated in 1987 were never referred to by the Board as policy or as part of the county educational policy. However, just because the Board does not call the salary supplements “policy” does not mean that they were not in fact part of the county educational policy.
Citing Webster’s Dictionary, the Board contends that a policy is “the principles on which any measure or course of action is based.” For aught that appears in the record, both the extensive personnel salary schedules and the minutes of the meetings of the Board appear to represent part of the written educational policy of Macon County, the principles underlying its school system. Clearly, the Board minutes reflect the development of that policy.
Both the adoption of the salary supplements in 1982 and their elimination in 1987 are set forth in the written minutes of Board meetings and, therefore, appear to be part of the educational policy developed by the Board at those meetings. While the salary supplements may not have been a significant component of the principles which underlie the county’s school system, they were at least on the periphery of such principles, a fact which the Board appears to concede in brief.
This court is well aware that the administration of county school systems in this state has been entrusted to the county boards of education. Ala.Code (1975), §§ 16-8-8 through -10. Courts should not seek to control the broad discretion given to such boards by the Legislature unless the invalidity of their actions is clearly shown by the party challenging them. See Hargett v. Franklin County Board of Education, 374 So.2d 1352 (Ala.1979).
In this instance we agree with the trial court that the plaintiffs have shown that the Board’s action in eliminating the salary supplements was invalid due to its failure to meet the requirements of § 16-8-10. We would note at this point that we find the Board’s contention that compliance with the statute should be “excused” in this case due to Macon County’s “financial emergency” to be without merit.
The Board has attempted to raise another issue on appeal concerning an alleged lack of standing on the part of the plaintiffs. While the Board’s contentions in this regard appear to be without merit, we will not address them due to the Board’s failure to cite a single authority regarding “standing” in support of its position. Dierksh- *1333 iede v. McDowell Materials Corp., 491 So. 2d 242 (Ala.Civ.App.1986). See Rule 28(a)(5), Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.