INGRAM, Presiding Judge.
Christine Smith filed a complaint against the Etowah County Board of Education (board), contending that she was not being paid the correct salary according to the board’s policies and the provisions of a public education employees pay raise act (act), 1988 Ala. Acts, No. 88-691, adopted by the Alabama legislature on September 13, 1988. Following an ore tenus proceeding, the trial court found that Smith was paid a salary of $13,981.50 for the 1988-89 school year, rather than the salary of $16,-833.68 to which she was entitled. The board, therefore, was ordered to pay to Smith the additional sum of $2,852.18 for the 1988-89 school year and to base her pay for the portion of the 1989-90 school year that she worked prior to her retirement on the salary of $16,833.68. The board brings this appeal.
The dispositive issue before us in this appeal is whether the trial court erred in its interpretation of the board policies and the provisions of the act.
The record in the case before us reveals the following: Christine Smith served as a lunchroom worker with the Etowah County School System for 25 years before retiring during the 1989-90 school year. During the last 22 years of her employment, she managed a lunchroom which serves over 900 meals per day. During the 1987-88 school year, she was paid a salary of $11,-473.19. In February 1988, the board, in an effort to equalize salaries between the lunchroom managers and workers in the system, approved a salary schedule for lunchroom managers to become effective at the beginning of the 1988-89 school year. The schedule mandated that the lunchroom managers were to receive a base salary, a supplement based on their years of service as a manager, and a bonus based on the number of meals served each day in their respective lunchrooms. According to the schedule, Smith’s supplement was to be $2,000, while her bonus was to be $2,500.
Prior to the implementation of the new compensation plan, the Alabama legislature authorized for the 1988-89 school year a seven and one-half percent (7.5%) increase on the salaries paid to all public education support workers during the previous year. However, the raise was to be exclusive of all local increments due. See 1988 Ala. Acts, No. 88-691. A representative of the Alabama Education Association appeared on behalf of Smith and testified that a local increment, as it applies under the circumstances in this case, would include the supplement and bonus proposed under the new salary schedule for lunchroom managers. In other words, the pay raises were to be in excess of the supplements and bonuses which had already been approved by the board to be paid during the upcoming year.
Here, however, the record reveals that the board figured Smith’s pay raise according to the base pay component of the newly implemented salary schedule, rather than her 1987-88 earnings. The board contended that when Smith’s supplement and bo- *528 ñus were added to this base salary figure, she earned $13,981.50, or approximately 21.9 percent more during the 1988-89 school year than she did in 1987-88. Smith, on the other hand, argued that disregarding her supplement and bonus, as required by the provisions of the act, she did not receive a 7.5% increase over her earnings in the previous year as provided by the act. The trial court adopted Smith’s rationale and awarded her back pay accordingly.
It seems clear to us that the trial court properly interpreted the application of the act with regard to the board’s plan to pay a lunchroom manager’s supplement and bonus. The act laid a 7.5% increase on appel-lee’s 1987-88 salary, while the board’s salary equalization plan for lunchroom managers provided that the appellee was entitled to a supplement of $2,000, based on her years of service, and a bonus of $2,500, based on the average number of meals served in her lunchroom each day. Furthermore, we find that the decision by the trial court is in keeping with prior decisions of this court and our supreme court holding that salaries are a matter of board policy and that, once it is set, the board is bound to follow its own policy. See Dais v. Mobile County Bd. of School Comm’rs, 531 So.2d 1222 (Ala.Civ.App.1987); Belcher v. Jefferson County Bd. of Education, 474 So.2d 1063 (Ala.1985).
In view of the above, we find that this case is due to be affirmed.
AFFIRMED.
ROBERTSON, J., concurs.
RUSSELL, J., dissents.