The issue in this case is whether a 7.5% pay increase for public education support workers should be based upon the workers' base salary or upon the workers' base salary and local supplements and bonuses. Resolution of the issue requires us to determine the intent of the legislature when it adopted Act. No. 88-691, Alabama Acts 1988, which provided for the 7.5% pay raise.
Christine Smith had been employed by the Etowah County Board of Education (hereinafter referred as the "school board") for 25 years, 3 years as a lunchroom worker and 22 years as a lunchroom manager.
On February 2, 1988, the school board adopted a pay schedule for lunchroom managers that established an annual base salary based upon years of experience. In addition, the school board adopted a "manager's supplement" based upon years as a manager, and a "manager's bonus" based upon the number of meals served each day.
Later in 1988, the Alabama legislature adopted Act No. 88-691 which provided a 7.5% pay increase for certain public education employees, the pay increase to be effective with the beginning of the 1988-89 fiscal year.
Pertinent provisions of the Act state that "[t]he seven and one-half percent (7.5%) pay increase shall be paid to each support worker," and that "[t]he salary increases contained throughout this Act shall be exclusive of all local increments due." Act No. 88-691, § 2(a)(3) and § 3(c), respectively.
For the school year 1988-89, the school board calculated Ms. Smith's salary at $13,981.50. The school board calculated the salary as follows: base salary, $8,820, plus 7.5% increase mandated by the Act ($661.50), plus the $2,000 "manager's supplement" and the $2,500 "manager's bonus."
Ms. Smith filed a complaint in the Etowah Circuit Court, maintaining that she was not receiving her proper salary as provided for by the school board's pay schedule and by Act No. 88-691. Her position essentially was that her salary for the 1987-88 school year was $11,473. 19, and that the 7.5% pay increase authorized by the legislature would be added to that sum, and then the $2,000 supplement and the $2,500 bonus would each be added to make a total of $16,833.68.
Following a hearing on her complaint, the trial court established Ms. Smith's salary for the 1988-89 school year at $16,833.68, the amount she contended was due. The school board appealed that judgment to the Court of Civil Appeals,584 So.2d 526 which affirmed, and the school board then petitioned this Court for a writ of certiorari, which we granted.
After a thorough review of the briefs and the record, we conclude that the judgment of the Court of Civil Appeals should be affirmed.
It is undisputed that Ms. Smith's annual salary for the 1987-88 school year was $11,473. 19[1] We recognize, of course, that on February 2, 1988, the school board adopted a pay plan that provided that Ms. Smith would have a base salary of $8,820, *Page 530 
but would be entitled to receive a supplement of $2,000 and a bonus of $2,500, making a total salary package of $13,320 ($8,820 base pay; plus $2,000 manager's supplement; plus $2,500 manager's bonus). This formula was used in calculating employee salaries, and the pay plan adopted by the school board resulted in a pay raise for Ms. Smith of $1,846, a 16% increase over her 1987-88 salary.
On September 13, 1988, the Alabama Legislature adopted 1988 Ala. Acts, No. 88-691, which mandated a 7.5% pay increase for public education employees, "effective immediately upon its passage." This Act stated that "[t]he salary increases contained throughout this Act shall be exclusive of all local increments due." The Act further provided that the 7.5% increase should be calculated on salaries of public education employees for the 1987-88 fiscal year.
The school board admittedly did not use Ms. Smith's 1987-88 salary ($11,473. 19) as the base for the calculation of the 7.5% pay increase, but instead used the $8,820 base salary it had adopted on February 2, 1988.
The trial court found that Ms. Smith was entitled to an annual salary of $16,833.68. The trial court reached this amount by increasing Ms. Smith's 1987-88 salary of $11,473. 19 by 7.5% to $12,333.68 and then adding to that sum Ms. Smith's $2,000 "supplement" and $2,500 "bonus." The result, of course, was an increase in Ms. Smith's 1987-88 salary of $5,360, or a 46% increase.
The school board argues that it adopted the new pay schedule on February 2, 1988, "in order to attempt to alleviate the inequities which existed among the lunchroom workers within the Etowah County Board of Education," and that "[t]he Board did not feel that it was mandated by the Act to provide a 7.5% raise to Smith as under the new schedule she had already been given a 16% raise over what she received the previous year."
We do not question the fact that the school board may have been trying to eliminate some inequities when it adopted its new pay policy on February 2, 1988, when it set Ms. Smith's base salary at $8,820.00, but provided supplements and bonuses. The fact remains, however, and is conceded, that Ms. Smith'sactual salary in 1987-88 was $11,473. 19. The Act of the legislature is quite specific that the 7.5% increase was to be computed "on the salaries paid to all public education support workers during the 1987-88 fiscal year." (Emphasis added.) Act No. 88-691, § 2(a)(3).
It is well recognized that the School Board is bound to follow its adopted policies. Baker v. Oneonta City Board ofEducation, 519 So.2d 1350 (Ala. 1987); Belcher v. JeffersonCounty Board of Education, 474 So.2d 1063 (Ala. 1985); WalkerCounty Board of Education v. Walker County EducationAssociation, 431 So.2d 948 (Ala. 1983). It is also well accepted that this Court will give words used in a statute their "natural, plain, ordinary, and commonly understood meaning."Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle,460 So.2d 1219 (Ala. 1984).
The trial court correctly found that the computation of the 7.5% increase should be based upon the salary of Ms. Smith during the 1987-88 fiscal year.
We recognize that our holding will result in a substantial increase in the amount Ms. Smith is entitled to receive, but we feel, as did a majority of the Court of Civil Appeals, that the legislative mandate is plain.
Based on the foregoing, the judgment of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] The superintendent of education for Etowah County testified:
 "Q. And then the next column says $11,473. 19. Would you please tell the Court what that figure represents?
 "A. That was the annual salary for Mrs. Smith for the '87-88 school year." (Emphasis added.) *Page 531