623 So.2d 296 (1993)
Ex parte David G. BRONNER, et al.
(Re David G. BRONNER, et al. v. David AVANT.)
Ex parte David AVANT.
(Re David G. BRONNER, et al. v. David AVANT.)
1911014, 1911016.
Supreme Court of Alabama.
January 15, 1993.
Rehearing Denied March 5, 1993.
William T. Stephens, Montgomery, for petitioners/cross-respondents.
*297 Robin G. Laurie of Balch & Bingham, Montgomery, for respondent/cross-petitioner.
PER CURIAM.
We granted certiorari review in this case concerning retirement credit for part-time legislative employees in order to determine whether the Court of Civil Appeals erred in upholding Act No. 89-800, 1989 Ala.Acts, codified as §§ 36-27-100 to -103, Ala.Code 1975 (Cum.Supp.1989), and in its interpretation of Act. No 89-915, codified as § 36-27-53. We affirm in part (as to Act No. 89-800), reverse in part (as to Act No. 89-915), and remand.
David Avant, a part-time legislative employee of the State of Alabama, sought retirement credit in the Employees' Retirement System ("ERS") under Act. No. 89-800 and Act. No 89-915 for his part-time work. The ERS's Board of Control denied Avant's request to purchase retirement credit until the constitutionality of Act No. 89-800 could be judicially determined. Act No. 89-800 allows certain part-time legislative employees to purchase retirement credit in addition to the credit they already had, by paying specified amounts to the ERS.
The Board of Control directed its general counsel to seek a judgment declaring Act No. 89-800 unconstitutional, and the Board filed a complaint in the Circuit Court of Montgomery County, on December 12, 1989. Avant counterclaimed, seeking to be allowed to purchase additional retirement credit under Act No. 89-915 for service for which he already had retirement credit.
Judge Joseph D. Phelps held a nonjury trial on June 7, 1990. The parties stipulated as to certain facts. In an order entered December 19, 1990, Judge Phelps held that Act No. 89-800 did not violate the equal protection provisions of the state and federal constitutions, because, he concluded, it furthered the legitimate government purpose of aiding in the employment of part-time legislative employees. He also ruled that Avant was entitled to buy the retirement credit he sought under Act. No. 89-915.
The Board of Control appealed to the Court of Civil Appeals. That court affirmed with respect to the constitutionality of Act. No. 89-800, but reversed with respect to the interpretation and application of Act. No. 89-915, on the grounds that Avant had already purchased retirement credit in 1984 under Act No. 84-805 for his part-time legislative employment.
We granted certiorari review and heard oral argument in this case on the ERS's petition to review the Court of Civil Appeals' judgment with respect to the constitutionality of Act No. 89-800 and on Avant's petition to review the judgment with respect to the interpretation and application of Act No. 89-915.
Having carefully considered the record and the oral and written arguments in this case, we adopt as part of our own opinion the following order by Judge Phelps:
"The Plaintiffs [the Board of Control] argue that the act unconstitutionally provides greater retirement benefits to a favored few part-time legislative employees than are granted by the general retirement law to other part-time legislative employees, part-time state and local governmental employees and full-time legislative employees and state and local governmental employees who participate in the Employees' Retirement System of Alabama. Further, the Plaintiffs state that such disparate treatment is not justified by any state interest and is in violation of the equal protection provisions of the Alabama and United States Constitution.
"A statute violates the equal protection laws of the constitution if it is not rationally related to a legitimate government purpose. The testimony established that the purposes furthered by the Act include: saving State resources by providing incentives to part-time or temporary legislative employees to continue their employment on this basis as opposed to requiring the State to employ full-time employees to perform similar functions, when their services would only be required a few months each year; providing incentives to these part-time or temporary employees to continue in their employment, thus obviating the need to train new employees for these positions; and, providing an incentive to *298 attract and retain highly qualified new part-time or temporary employees for these positions.
"This Court has reviewed extensive briefs and heard oral arguments on the issues presented on this action. The Court finds that the purposes set out above provide a rational basis for permitting the employees set forth in Act 89-800 to purchase additional retirement time as set forth in the Act. Act No. 89-800 is not ambiguous and it is apparent that the legislature intended to provide greater benefits for part-time legislative employees who work on a regular basis when the legislature of Alabama is in session.
"In White v. Reynolds Metals Co., 558 So.2d 373, 383 (Ala.1989), the Supreme Court states:
"`The guiding principles for courts to apply when legislative acts are challenged as unconstitutional were ably expressed in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944):
"`"Uniformly, the courts recognize that this power is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487."'
"In support of their position, Plaintiffs bring to the Court's attention Barbour County Commission v. Employees of the Barbour County Sheriff's Department, 566 So.2d 493 (Ala.1990). In that case, certain groups of personnel employed by Barbour County alleged discrimination because they were not offered certain retirement and insurance benefits. The trial court found in favor of the employees and the Alabama Supreme Court affirmed. Although the Supreme Court found that the actions of the Barbour County Commission were arbitrary and discriminatory, the case does not forbid all classifications such as the classifications created by the legislature in the present case, which were neither arbitrary nor invidiously discriminatory. The Court in Barbour County, supra, [adopted the order of the trial court in that case. The trial court's order in Barbour County ] cited Opinion of the Justices No. 102, 252 Ala. 527, 41 So.2d 775 (1949), which [, the trial court order said,] held:
"`[I]n order to be constitutionally permissive, it was essential that a law which sought to create classifications must do so in a manner that makes the classifications reasonable and not arbitrary and [that] any such classification must be based upon material and substantial distinctions and differences which are reasonably related to the subject matter of the legislation or considerations of policy sought to be implemented. [Also,] there must be uniformity within a particular class.' (Emphasis added [by Judge Phelps].)
"In the case at hand, the class created is part-time employees of the [legislature]. The reasons for treating these employees differently are set out above. Justice Almon in White, supra, at 388, states that `In determining whether "it was reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose," Western v. Southern Life, [Western & Southern Life Insurance Company v. State Board of Equalization of California, 451 U.S. 648, 101 S.Ct. 2070, 68 L.Ed.2d 514] we need only inquire whether the legislature engaged in "invidious" or *299 "hostile and oppressive discrimination," Lehnhausen [v. Lake Shore Auto Parts, 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351].' The Court finds that there is no showing of invidious discrimination or hostile purpose.
"The Court further finds that Act No. 89-800 is not a special, private, or local law and that the Plaintiffs have failed to show that Act No. 89-800 is unconstitutional beyond a reasonable doubt. Therefore, Alabama Act No. 89-800 [must be taken as] constitutional and [is] due to be implemented by Plaintiffs.
"Further, the Court must consider the counterclaim filed by the Defendant. The Defendant argues that he should be allowed to purchase retirement in the Employees' Retirement System of Alabama specified in Alabama Act No. 89-915, which states as follows:
"`Any active and contributing member of the employees' retirement system who has vested retirement benefits may hereby claim and purchase credit in the employees' retirement system for up to four years' time for employment by the Alabama legislature prior to 1979, provided, that such member shall pay into the employees' retirement system the total amount he would have contributed had he been allowed to contribute at the position and salary level, together with interest not to exceed eight percent compounded annually from the date of service to the date of payment, and provided that he shall make such payment within one year from [May 19, 1989].'
"Based upon the evidence, the Court finds that the Defendant is an active and contributing member of the Employees' Retirement System of Alabama; he has vested retirement benefits; he had over four years' ... employment with the Alabama legislature prior to 1979; and he has attempted to claim and purchase credit in the Employees' Retirement System of Alabama for four years' ... employment by the Alabama legislature prior to 1979. Further, the Defendant has attempted to pay into the Employees' Retirement System of Alabama the total amount he would have contributed had he been allowed to do so at the position and salary level he occupied (prior to 1979), together with interest not exceeding eight percent compounded annually from the date of service to the date of his tender. The Plaintiffs are without legal authority to refuse to accept Defendant's tender because the Defendant meets all of the requirements of Act No. 89-915 and is entitled to purchase the credit there provided. It is therefore,
"ORDERED, ADJUDGED and DECREED as follows:
"(1) That Alabama Act No. 89-800 is [not to be declared unconstitutional.]
"(2) That Defendant, and any other state employees, who have attempted to purchase retirement credit specified in Alabama Act No. 89-800, are hereby allowed sixty (60) days from the date of this judgment to pay the specified amount of money into the Employees' Retirement System of Alabama and receive the benefits commensurate with their payment, and the terms of the Act.
"(3) That Defendant is entitled to prevail on his counterclaim. Plaintiffs shall allow Defendant to purchase retirement credit in the Employees' Retirement System of Alabama specified in Alabama Act No. 89-915. Defendant is allowed sixty (60) days from the date of this order to make said payments.
"(4) All costs of this action are taxed against the Plaintiffs, for which let execution issue."
We have also considered the ERS's claim that Act No. 89-800 is unconstitutional under Art. IV, §§ 45 and 68, Constitution of Alabama 1901. We find the contention that the Act violates § 45 to be without merit, on the authority of Thomas v. Niemann, 397 So.2d 90 (Ala.1981); Opinion of the Justices No. 138, 262 Ala. 345, 81 So.2d 277, 281 (1955); and we find the contention that the Act violates § 68 to be without merit also, on the authority of Kohen v. Board of School Comm'rs of Mobile County, 510 So.2d 216 (Ala.1987).
We therefore affirm that portion of the judgment of the Court of Civil Appeals upholding Act No. 89-800; we reverse that *300 portion of the judgment denying Avant an opportunity to purchase credit under Act No. 89-915 for his part-time employment under the Act; and we remand this cause for proceedings consistent with this opinion.
AFFIRMED as to Act No. 89-800; REVERSED as to Act No. 89-915; AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
There is no equal protection clause in the Constitution of Alabama of 1901. The equal protection clause that was in previous Alabama Constitutions was purposefully deleted by the Constitutional Convention of 1901. See 2 Official Proceedings of the Constitutional Convention of 1901, pp. 1622-34, 1639-44, and 2254-60.
Likewise, §§ 1, 6, and 22 of the Alabama Constitution taken together do not guarantee the equal protection of the laws. Moore v. Mobile Infirmary Ass'n, 592 So.2d 156, 175-77 (Ala.1991) (Houston, J., concurring in the result).