ROBERTSON, Presiding Judge.
On March 18, 1993, Deborah S. Beverly, Kevin G. Morrow, and Valerie K. Addicks (collectively referred to as Plaintiffs) filed a complaint in the Mobile County Circuit Court against the Board of School Commissioners of Mobile County (Board), alleging breach of contract, negligent misrepresentation, and violation of their constitutional right to due process. Plaintiffs requested certification of their action as a class action on behalf of “all persons employed by the Board on September 8, 1992, who were denied the annual or ‘step’ raise in pay or salary represented by the salary schedule or schedules then in existence.” The Board answered Plaintiffs’ complaint on April 2, 1993, denying all material allegations and raising the defenses of sovereign immunity and good faith exercise of the power and authority vested in it in its official capacity.
On September 28, 1993, Hazel W. Blunt and Vicki R. Duncan (collectively referred to as Intervenors) filed a motion requesting that they be allowed to intervene in the action against the Board. On that same day, Intervenors also filed a complaint in intervention against the Board, alleging breach of contract, negligent misrepresentation, and violation of their constitutional right to due process. Intervenors requested certification of their action as a class action on behalf of “all persons employed by the Board on September 8, 1992, who were denied the annual or ‘step’ raise in pay or salary represented by the salary schedule or schedules then in existence,” and also on behalf of “all classified employees of defendants who were denied, during the 1992-93 school year, the ‘one time increment’ in salary for 21 years of ‘creditable service,’ as provided for by School Board policy and the 1992-93 salary schedules passed by the Board.”
Thereafter, on September 28, 1993, Plaintiffs and Intervenors filed a joint motion requesting that the trial court certify this action as a class action and that the class be defined as:
“all persons employed by the Board of School Commissioners of Mobile County on September 8, 1992, who were denied the annual or ‘step’ raise in pay or salary represented by the salary schedule or schedules then in existence; and further, defining a sub-class of plaintiffs defined as: ‘all classified employees of defendants who were denied, during the 1992-93 school year, the “one time increment” in salary for 21 years of “[creditable] service.” ’ ”
On October 15, 1993, the Board filed a motion, objecting to Plaintiffs’ request for class action certification and to Intervenors’ requests for intervention and class action certification. Thereafter, on October 20, 1993, Plaintiffs and Intervenors filed a brief in support of them motion to have the action certified as a class action, and a brief in support of Intervenors’ request for intervention.
On March 15, 1994, Plaintiffs and Interve-nors filed a joint motion for summary judgment, with a supporting brief, affidavits, and discovery materials, alleging that there was no general issue as to any material fact and that they were entitled to a judgment as a matter of law. In their motion, Plaintiffs and Intervenors argued that all employees, teachers, and classified employees commenced work at the beginning of the 1992-93 school year under the existing salary schedules, which set forth their represented salaries; and, thus, that the Board had breached its contract with them by adopting new and different salary schedules 10 days after the start of the school year; by not following the terms and provisions of the Teacher Tenure Law; and by failing to pay the “one-time increment” in salary as provided in the salary schedules to employees who had obtained 21 years of “creditable service.” Plaintiffs and Intervenors also argued that the Board’s actions were taken without the basic procedural safeguards, such as notice and a hearing, and violated their due process rights. On April 14, 1994, the Board filed a motion for summary judgment, with a supporting brief, affidavits, and discovery materials, al *115 leging that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law.'
Thereafter, the trial court entered an order on January 12, 1995, denying class certification to Plaintiffs but granting class certification to Intervenors; a summary judgment in favor of the Board as to all counts of the Plaintiffs’ complaint and the Intervenors’ complaint except as to the breach of contract count; and a summary judgment in favor of the Intervenors as to their breach of contract count claiming a “one-time increment” in salary for 21 years of “creditable service.”
Plaintiffs appeal; the following issues are before this court: (1) Whether the Board breached its contract with the teachers and other employees alike when it refused to pay them the salary step increases and supplements that were in place at the beginning of the 1992-93 school year; (2) Whether the Board’s failure to pay teachers the represented salary step increases and supplements violates the Alabama Teacher Tenure Law; and (3) Whether the Board violated the teachers’ and other employees’ due process rights in denying them the represented step increases and supplements.
The Board cross-appeals, raising the following issue: Whether the trial court erred in ruling that the Board’s “pay freeze” breached the contracts of that limited number of employees claiming a “one-time increment” in salary for 21 years of “creditable service.”
We initially note that a summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. An appellate court reviewing a summary judgment uses the same standard used by the trial court in reaching its initial decision. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).

I. Plaintiffs’Appeal

Plaintiffs first argue that the Board breached its contract with the members of Plaintiffs when it refused to pay them the salary “step” increases and salary supplements that were in place at the beginning of the 1992-93 school year. Specifically, Plaintiffs argue that the salary schedules and salary supplements set by the Board were Board policies by which the Board was bound; that the Board allowed the 1992-93 school year to start with the salary schedules in place; and, therefore, that the Board breached its contract with Plaintiffs on September 9, 1992, when it adopted new and different salary schedules for the 1992-93 school year. Also, Plaintiffs argue that a unilateral contract existed between its members and the Board; that by failing to adopt new and different salary schedules before the beginning of the 1992-93 school year, the Board had made an offer to Plaintiffs to continue in their employment under the existing salary schedules; that Plaintiffs accepted the Board’s offer by commencing work at the beginning of the school year; and therefore, that the Board breached its contract by adopting new and different salary schedules for the 1992-93 school year after the school year had begun.
Salaries are a matter of school board policy. Etowah County Board of Education v. Smith, 584 So.2d 526 (Ala.Civ.App. 1990), aff’d, 584 So.2d 528 (Ala.1991); Baker v. Oneonta City Board of Education, 519 So.2d 1350 (Ala.Civ.App.1987). Once the Board adopts a policy, it is bound to follow that policy until the policy is modified or amended by the Board in accordance with the procedures set forth in § 16-8-10, Ala. Code (1975). Kohen v. Board of School Commissioners of Mobile County, 510 So.2d 216 (Ala.1987); Belcher v. Jefferson County Board of Education, 474 So.2d 1063 (Ala. 1985).
Section 16-8-10, Ala.Code 1975, as it read at the time this cause of action arose, provides in pertinent part:
“The county board must establish such policies and adopt such rules and regulations and file them with the state superintendent of education. Such written poli- *116 cíes, rules and regulations, so established, adopted or promulgated shall be made available to all teachers employed by the county board. Any amendments to such policies, rules and regulations shall be developed in the same manner, filed with the state superintendent and furnished to the teachers employed by the local board within 20 days after adoption thereof” (Emphasis added.)
In several cases, our supreme court and this court have held that a school board is bound to follow its own policies, especially where the Board has failed to properly modify or amend the policies in accordance with § 16-8-10. In Kohen, our supreme court held that the Mobile County Board had established an incentive pay plan for its employees; that the Board had not made a “great attempt to notify those employees of its reconsideration of the policy”; and, therefore, that “it would be unjust and inequitable to deny the employees the benefits of the incentive pay plan.” -510 So.2d at 220.
In Macon County Board of Education v. Bascomb, 527 So.2d 1331 (Ala.Civ.App.1988), this court held that the Macon County Board’s action to eliminate certain salary supplements was void because it had failed to comply with the requirements of § 16-8-10. In that case, the Board had failed to consult with required parties before voting to eliminate the salary supplements. Furthermore, this court stated that the Board’s financial emergency did not excuse it from having to comply with § 16-8-10.
In Baker v. Oneonta City Board of Education, 519 So.2d 1350 (Ala.Civ.App.1987), the Oneonta City Board voted to eliminate the local steps and increments previously included in the teachers’ salary schedules. This court held that the Oneonta Board’s action to eliminate the local steps and increments was void because it had failed to comply with the requirements of § 16-11-18, a city board of education’s counterpart to § 16-8-10.
In the instant case, the record reflects that on May 21, 1992, in a public meeting, the Board voted to adopt or to approve certain amendments to the existing salary schedules, i.e., a “pay freeze” for all of its employees, and a 10% reduction in the salary supplements for coaches, cheerleading sponsors, and band directors. Following the Board’s action, however, none of the employees was sent an individual, written notice of the amendments approved by the Board, as required by § 16-8-10.
Classes for the 1992-93 school term began on August 31,1992. The record reflects that on September 9, 1992, the Board approved the 1992-93 salary schedules that incorporated the salary adjustments approved by the Board in its May 21, 1992, meeting. Under the 1992-93 salary schedules, teachers and other employees alike would not receive the annual salary “step” increase for having completed an additional year’s work, and the athletic coaches, band directors, and cheer-leading sponsors would suffer a 10% reduction in their supplemental salary. The Board’s president testified by deposition that to her knowledge, even after the adoption of the 1992-93 salary schedules, none of the employees was sent an individual, written notice of the changes.
Section 16-8-10 mandates that the Board notify its employees of any amendments to its policies, rules, and regulations within 20 days after the adoption thereof. § 16-8-10, Ala.Code 1975. Our supreme court has stated that the notice and comment provisions of § 16-8-10 are intended for the benefit of the system’s teachers, other employees, and members of the general public concerned with education, and that there is “little direct benefit to the Board in that section.” Kohen, 510 So .2d at 219.
After a careful review of the record, we find that the Board failed to properly amend or modify its salary schedules in accordance with § 16-8-10 because the Board failed to notify the employees of the changes. Consequently, we conclude that the Board breached its contract with the members of Plaintiffs when it refused to pay them in accordance with the salary “step” increases and the supplements existing at the beginning of the 1992-93 school year. Kohen, supra; Baker, supra; and Bascomb, supra. Therefore, we hold that Plaintiffs were entitled to a judgment as a matter of law, and *117 that the trial court erred in entering the summary judgment in favor of the Board.
Our resolution of this issue obviates any need to address Plaintiffs’ subsequent issues.

II. Board’s Cross-appeal

In its cross-appeal, the Board argues that the trial court erred in holding that the Board’s “pay freeze” breached the contracts of that limited number of employees claiming a one-time increment in salary for 21 years of “creditable service.”
The record reflects that each of the salary schedules for the school years of 1985-86 through 1992-93 contained a similar provision, “TWENTY-ONE OR MORE YEARS OF CREDITABLE SERVICE,” providing:
“An employee, upon completion of twenty-one years or more of creditable service (this may include up to eight (8) years outside experience), will automatically receive a one time increment of $154.00 for 9 months employment; or $171.13 for 10 months employment; or $205.35 for 12 months employment. An employee eligible for the 21 years or more of creditable service increment, shall also be eligible for other increments, depending on his/her placement on the salary schedule. (Approved by the Board of School Commissioners 9/22/76.)”
The record also reflects that the Board had not acted to modify or amend this policy provision since the provision was initially adopted or approved by the Board in 1976, and that the Board included the “TWENTY-ONE OR MORE YEARS OF CREDITABLE SERVICE” provision in the 1992-93 salary schedules that the Board approved on September 9, 1992. However, the Board failed to pay the employees who had obtained 21 years of “creditable service” the “one-time increment” in salary.
As noted above, once a school board adopts a policy, it is bound to follow that policy until the policy is modified or amended by the board in accordance with the procedures set forth in § 16-8-10, Ala.Code 1975. Belcher, 474 So.2d 1063. After a careful review of the record, we find that the Board had established a policy whereby employees with 21 years of “creditable service” were to receive a “one-time increment” in salary; that the Board never took any action to modify or amend the policy; and that the Board included the “one-time increment” in salary in the 1992-93 salary schedules. Consequently, we conclude that the Board was obligated to pay the employees with 21 years of “creditable service” the “one-time increment” in salary, and that the Board breached its contract with those employees who had obtained 21 years of “creditable service,” by failing to pay them the “one-time increment” in salary as represented in all the salary schedules since 1976. We hold that the trial court was correct in entering the summary judgment in favor of Intervenors.
We reverse the trial court’s summary judgment in favor of the Board and against Plaintiffs; we affirm the trial court’s summary judgment in favor of Intervenors and against the Board; and we remand this case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.