BASCHAB, Judge.
On December 23, 1998, a delinquency petition charging the appellant, R.C.M., a seventeen-year-old male, with driving under the influence of alcohol (DUI), a violation of § 32-5A-191(a)(2), Ala.Code 1975, was filed in the Juvenile Court of Mobile County. After conducting a hearing, the trial court adjudicated the appellant delinquent. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
The appellant argues that the trial court applied an incorrect standard in adjudicating him delinquent. Specifically, he contends that, even though he was charged under § 32-5A-191(a)(2), Ala.Code 1975, the trial court erroneously referred to the elements set forth in § 32-5A-191(b), Ala. Code 1975, in adjudicating him delinquent. The State agrees and asks us to remand this case to the trial court so that court can reconsider its finding based on the proper standard.
In J.S.H. v. State, 710 So.2d 507 (Ala.Cr.App.1997), we held that a juvenile may be prosecuted for driving under the influence under either § 32-5A-191(a) or § 32-5A-191(b), Ala.Code 1975. Section 32-5A-191(a)(2), Ala.Code 1975, provides:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
[[Image here]]
“(2) Under the influence of alcohol.”
Section 32-5A-191(b), Ala.Code 1975, provides, in pertinent part:
“(b) A person who is under the age of 21 years shall not drive or be in actual physical control of any vehicle if there is .02 percentage or more by weight of alcohol in his or her blood.”
*529 When stating its decision at the end of the hearing, the trial court noted:
“If this were an adult case there could be no finding of D.U.I. because it requires a .08. For a juvenile it’s a .02, which is a very small quantity of alcohol. [R.C.M.] admits to having drunk that much and this officer says too, and says he smells it. It’s barely enough to persuade the Court of the allegations being proven. I do place [R.C.M.] on probation to this Court for a term of six months, finding the allegations proven and suspend his license for the same period of time.”
(R. 51.) Because the appellant was charged with violating § 32-5A-191(a)(2), Ala.Code 1975, the trial court applied the incorrect standard when it referred to the requirements of § 32-5A-191(b), Ala.Code 1975, in adjudicating him delinquent. Accordingly, we remand this case to the trial court so that that court may reconsider its ruling based on the standard set forth in § 32-5A-191(a)(2), Ala.Code 1975.
We also note that, at the end of the hearing, the trial court stated that it placed the appellant on probation for a term of six months. (R. 51.) However, in its written order, the trial court stated that it placed him on “indefinite probation for not less than six months.” (C.R.19.) Therefore, on remand, the trial court shall correct this discrepancy and state the correct sentence in its written order.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court and a copy of the trial court’s findings.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.