WISE, Judge.
Richard Adam Casaday entered a guilty plea and was convicted of the offense of driving under the influence of alcohol (“DUI”), a violation of § 32-5A-191(a)(2), Ala.Code 1975. Because this was Casa-day’s fourth DUI conviction, he was sentenced in accordance with § 32-5A-191(h), Ala.Code 1975, the recidivist portion of the statute commonly referred to as the “felony DUI” statute, to four years’ imprisonment; that sentence was split so that he would serve one year. He was also ordered to pay all applicable statutory fines, court costs, and a victim’s restitution assessment. At his guilty plea hearing, Ca-saday specifically preserved his right to appeal the single issue that he presents herein: whether the conviction of a person under the age of 21, under § 32-5A-191(b), Ala.Code 1975, constitutes a prior conviction for sentence-enhancement purposes under § 32-5A-191(h), Ala.Code 1975.
The record shows that, including the violation at issue in the instant appeal, Casaday had been convicted of driving under the influence a total of four times within a two-year period. One of those convictions resulted from a violation of § 32-5A-191(b), Ala.Code 1975, which provides as follows: “A person who is under the age of 21 years shall not drive or be in actual physical control of any vehicle if there is .02 percentage or more by weight of alcohol in his or her blood.” Casaday argues that his prior conviction under this section[1] should not have been considered *962 by the trial court for purposes of enhancing his sentence to a Class C felony conviction under § 32-5A-191(h), Ala.Code 1975. Thus, he contends, the trial court should have sentenced him as if the present offense was his third DUI conviction, rather than his fourth.
We note that, although Casaday reserved for appellate review his claim that a DUI conviction under § 32-5A-191(b) should not have been regarded for sentencing purposes,[2] the record reflects that defense counsel stipulated to the validity of the remaining two prior convictions used by the State to invoke § 32-5A-191(h), Ala.Code 1975. Therefore, he is barred from further challenging the validity of those convictions on appeal.
Section 32-5A-191(h) states, in pertinent part:
“(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years....
“Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama’s habitual felony offender law.”
In denying Casaday’s claim, the trial court noted that there was no express language within the statute itself to prohibit the use of a prior conviction under § 32-5A-191(b) from being considered when a trial court reviews the number of prior convictions that may invoke § 32-5A-191(h). The trial court stated:
“THE COURT: To the extent that the legislature has any intent at the time they pass statutes it’s unclear. It would have been easy for them to insert a sentence which stated that this, that a conviction under this part of the statute would not be used for enhancement purposes but they didn’t do so. That being the case, it seems to me it will have to be a matter for the appellate courts to deal with. And in absence of any other language indicating it’s not to be used for enhancement purposes it would be the ruling of this Court that it should be.”
(R. 10-11.)
We agree with the trial court that, had the Legislature intended to prohibit the use of convictions obtained pursuant to § 32-5A-191(b), it could have articulated, in clear and unambiguous terms, its express intent that convictions under subsection (b) of this statute not be included *963 in calculating a sentence for felony DUI. Certainly, the Legislature was aware that it could carve out such an exception, given the language contained in § 32-5A-191(h), expressly prohibiting the use of a felony DUI conviction from use as a prior “felony conviction” for purposes of sentencing under § 13A-5-9, Ala.Code 1975, the Habitual Felony Offender Act.
“The primary goal in statutory construction is to ascertain and effectuate the intent of the legislature as expressed in the statute. To accomplish this task, the reviewing court must consider the statute as a whole, the reasons and necessity for the statute, and the public purpose behind the enactment of the statute.”
J.S.H. v. State, 710 So.2d 507, 508 (Ala.Crim.App.1997) (citing Kirkland v. State, 529 So.2d 1036 (Ala.Crim.App.1988)). Penal statutes are to reach no further in meaning than their words. 710 So.2d at 509 (citing Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952), and Abernethy v. State, 545 So.2d 185 (Ala.Crim.App.1988)).
The plain language of § 32-5A-191(b) supports our conclusion that the fact that a defendant is charged with violating § 32-5A-101(b) does not automatically confer youthful offender status on a defendant who is between the ages of 18 and 21. Indeed, if this were the case, there would be no need to describe a finding of guilt under subsection (b) as a conviction, as well as an adjudication (as in the case of a youthful offender), or a finding of delinquency (as in the case of a juvenile). There is nothing in the express language of § 32-5A-191 or in any precedent that supports Casaday’s contention that convictions under subsection (b) of the statute should be addressed any differently than convictions under subsection (a). We respect the Legislature’s role in crafting § 32-5A-191(b), which attempts to serve a dual purpose. By recognizing that drivers under 21 often lack the experience to safely operate a motor vehicle, the Legislature lowered the prohibited blood-alcohol level for this class of drivers from .08 to .02, in order to protect both the underage driver and the innocent drivers sharing the road with him. However, in recognition of this more stringent provision, the Legislature also created a protection for the underage drinking driver by treating a conviction under this subsection as confidential and by providing a lesser punishment for first offenders under this subsection.[3] By using this “carrot and stick” approach, the Legislature no doubt intended subsection (b) to serve the dual purpose of deterring underage drivers from repeating a pattern of conduct dangerous to themselves and to others while, at the same time, protecting those offenders wise enough to learn from their mistakes from having a single youthful indiscretion haunt them forever. Indeed, such a purpose is consistent with the Commentary to § 32-5A-191, which states, in part:
“The purpose of this section is not only to bring the law on driving while intoxicated in line with the most recent advances made in other states to achieve something closer to uniform treatment with our sister states, but also to make DUI statutes more enforceable and to do a better job of helping identify the problem of the drinking driver and to keep him off the highway.”
In construing § 32-5A-191, the Alabama courts have previously recognized that subsections (a)(1) and (a)(2) are merely alternative methods of proving the same offense. Sisson v. State, 528 So.2d 1159 (Ala.1988); Bexley v. State, 705 So.2d 549 *964 (Ala.Crim.App.1997). The Supreme Court has also permitted the use of uncounseled misdemeanor DUI convictions to enhance a defendant’s DUI sentence if the conviction resulted in no jail time. State v. Thrasher, 783 So.2d 103 (Ala.2000). • Likewise, this Court has permitted the use of DUI convictions from other jurisdictions for DUI sentence enhancement purposes. Bertram v. State, [CR-00-2277 Dec. 21, 2001] - So.2d - (Ala.Crim.App.2001). It is a well-established principle of statutory interpretation that a statute should be read to give its words their ‘“natural, plain, ordinary, and commonly understood meaning.’” R.T.M. v. State, 677 So.2d 801, 803 (Ala.Crim.App.1995) (quoting Ex parte Etowah County Bd. of Educ., 584 So.2d 528, 530 (Ala.1991)). In our opinion, a construction of subsection (b), as it is currently written, to prohibit the use of convictions obtained under that subsection (b) would undermine the deterrent effect of § 32-5A-191(b).
We note that this case is distinguishable from our decision in R.C.M. v. State, 752 So.2d 528 (Ala.Crim.App.1999). In R.C.M., the appellant, a juvenile, was charged with violating § 32-5A-191(a)(2). At trial, however, the juvenile court found the appellant delinquent based upon the elements set out in § 32-5A-191(b). We held:
“Because the appellant was charged with violating § 32-5A-191(a)(2), Ala. Code 1975, the trial court applied the incorrect standard when it referred to the requirements of § 32-5A-191(b), Ala.Code 1975, in adjudicating him delinquent. Accordingly, we remand this case to the trial court so that that court may reconsider its ruling based on the standard set forth in § 32-5A-191(a)(2), Ala.Code 1975.”
752 So.2d at 529. Thus, our holding in R.C.M. has no application to the issue raised by Casaday.
We likewise reject Casaday’s contention that Attorney General Opinion No. 2001-280 supports his claim that his conviction under § 32-5A-191(b) could not be used to enhance his conviction in the present case. Indeed, our review of this opinion supports our conclusion that a conviction under § 32-5A-191(b) may be either a conviction or an adjudication. In response to a question by the Department of Public Safety, the attorney general stated that “the Director [of Public Safety] must consider prior convictions under section 32-5A-191(a) and section 32-5A-191(b) in determining the period of suspension but may not consider prior youthful offender adjudications or findings of delinquency.” Op. Att’y Gen. No. 2001-280 (September 17, 2001). Thus, Casaday correctly argues that this opinion may be interpreted to prohibit the use of a youthful-offender adjudication for enhancement purposes under § 32-5A-191(h). However, because we have concluded that Casaday’s conviction in TR-00-2317 was a conviction, and not an adjudication under § 15-19-1, Attorney General Opinion No. 2001-280 does not affect our decision in this appeal.
Based on the foregoing, the trial court correctly determined that Casaday had three prior convictions for driving while under the influence of alcohol. Therefore, upon Casaday’s guilty plea to this, his fourth DUI conviction, the court properly sentenced him pursuant to the felony DUI requirements provided in § 32-5A-191(h), Ala.Code 1975. The judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs in the result.

. Technically, a review of the record shows that all four of Casaday's DUI convictions (TR-99-160, District Court of Lee County; TR-00-2317, Municipal Court of Auburn; TR-00-6292, Municipal Court of Auburn; and the present case, CC-01-769, Circuit Court of *962 Lee County) occurred before he reached the age of 21. We note that there is nothing in the express language of § 32-5A-191 or in any precedent that supports the position that persons under the age of 21 shall be addressed exclusively under § 32-5A-191(b). See J.S.H. v. State, 710 So.2d 507 (Ala.Crim.App.1997).

. The record reflects that at the plea hearing, Casaday argued that a conviction under § 32-5A-191(b) was "similar to a juvenile conviction [in that it] ... has a limited punishment, ... and [it is treated as] ... a confidential record.” Furthermore, from the discussion between the court, the prosecutor, and defense counsel, defense counsel appeared to concede that Casaday was not tried as a juvenile or granted youthful offender status under § 15-19-1, Ala.Code 1975. His argument appeared to be that the confidential treatment afforded dispositions under subsection (b) meant that the conviction could not be used for sentence enhancement purposes under § 32-5A-191(h), Ala.Code 1975.

. We note that Casaday's conviction under § 32-5A-191(b), TR-00-2377, was not his first DUI conviction.