EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a tax ease.
Mr. Teague individually owns and operates a golf course which is open to the general public. He charges people a greens fee before they may play golf upon his course. The Department of Revenue of the State of Alabama (department) made final assessments against Mr. Teague for gross receipts taxes upon such greens fees. After a circuit court trial, a judgment was entered which held that a greens fee is not taxable under section 40-23-2, Code 1975, and that such code section is unconstitutional. The State has appealed.
Those portions of the code section which are in controversy are as follows:
“There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:
“(2) Upon every person, firm or corporation engaged or continuing within this state in the business of conducting or operating places of amusement or entertainment, billiard and pool rooms, bowling alleys, amusement devices, musical devices, theaters, opera houses, moving picture shows, vaudevilles, amusement *915 parks, athletic contests, including wrestling matches, prize fights, boxing and wrestling exhibitions, football and baseball games, (including athletic contests, conducted by or under the auspices of any educational institution within this state, or any athletic association thereof, or other association whether such institution or association be a denominational, a state, or county, or a municipal institution, or association or a state, county, or city school, or other institution, association or school), skating rinks, race tracks, golf courses, or any other place at which any exhibition, display, amusement or entertainment is offered to the public or place or places where an admission fee is charged, including public bathing places, public dance halls of every kind and description within the state of Alabama, an amount equal to four percent of the gross receipts of any such business.”
§ 40-23-2, Code 1975.
Two issues are presented for our decision.

1.

With regard to privately owned golf courses whereupon the members of the general public may play golf upon payment of a greens fee, does the imposition of the gross receipts tax by section 40-23-2 upon such golf courses violate the equal protection clause of the United States Constitution?
Mr. Teague contends that, in order for his gross receipts to be validly taxed under the code section, all golf courses should be similarly taxed.
The legislature established two classes as to golf courses. The code section repeatedly uses the word “public.” The intent of the legislature was to tax only those golf courses which offer their facilities to the general public. Thus, private golf courses such as those maintained by private membership country clubs are not subject to the gross receipts tax on greens fees. Governmental golf courses have been declared to be exempt from the statute. City of Anniston v. State, 265 Ala. 303, 91 So.2d 211 (1956). However, all other similar privately owned businesses, such as skating rinks and bowling alleys, which are open to the public as places of amusement are in the same category or classification as Mr. Teague’s golf course and are equally taxed under that code section.
In Haden v. Watson, 270 Ala. 277, 117 So.2d 694 (1960), the law governing different legislative classifications for taxation purposes was summarized as follows:
“The legislature has the broadest range and powers in establishing classifications or subclassifications for the purpose of license and excise taxes. State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843. Further the legislature in classifying subjects for taxation is not required to state the grounds for classification. State v. Pure Oil Co., supra. Legislative classifications in tax matters are presumably valid, the burden being on the challenger to prove that such a classification or subclassification does not rest on a reasonable basis and such statutes are not to be deemed unconstitutional or invalid if any state of facts can be conceived which would support the subject of the tax. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662; State v. Pure Oil Co., supra.
“Furthermore particular privileges, occupations, classes or subclasses of businesses may be licensed and taxed and other privileges, occupations or businesses need not be included and can be entirely exempt therefrom. Henry v. Shevinsky, 239 Ala. 293, 195 So. 222; State v. Pure Oil Co., supra.
“In other words the classification of occupations and privileges for taxation is largely a matter of legislative discretion, and it will not be interfered with by the courts as being in violation of the rules of equality and uniformity unless it is palpably arbitrary and unreasonable and unless there is no conceivable state of facts which would support it. State v. Pure Oil Co., supra; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Frazier v. *916 State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479.”
Here, we do not know all of the reasons for the different taxation categories which were established by the legislature for privately owned golf courses; however, such information is not essential. It is within the scope of the legislative authority to make classifications in tax matters, and they possess great discretion and much freedom in doing so. “Unless clearly and patently arbitrary, oppressive and capricious on its face, such classification is not subject to judicial review. Mere inequality under such classification is not sufficient to invalidate a statute.” State v. Spann, 270 Ala. 396, 400, 118 So.2d 740, 743 (1960).
Here, the legislature did not abuse its discretion. Code section 40-23-2 is constitutional.
2.
The last issue is whether greens fees charged by a privately owned public golf course are subject to the gross receipts tax under the provisions of said code section.
In section 40-23-2(2), after the words “athletic contests,” activities are then defined and detailed which are included as being athletic contests .until the words “skating rinks” are reached. At that point the statute then resumes its list of those businesses, including “golf courses,” which are subject to the gross receipts tax of four percent.
A golf course is expressly named as a business which must pay the gross receipts tax. Included as one of the definitions of “gross receipts” is “all receipts actual and accrued, by reason of any business engaged in.” § 40-23-l(a)(8), Code 1975. Here, the greens fees collected by Mr. Teag-ue’s golf course constituted an actual receipt of that business and they were taxable as a part of his gross receipts.
The trial court should have held the final tax assessments made against Mr. Teague by the department to be valid.
We must reverse and remand this case for the entry of a judgment by the learned circuit court which is not contra to this decision.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.