MADDOX, Justice.
These appeals involve the interpretation of a special legislative act regarding the pay scale of specified state employees and center around a dispute between the State Personnel Board and State Personnel Director, and two state employees who claimed they were eligible to receive a pay raise under the provisions of the act. The Board and the Director appealed.
The two employees, Martha F. Hubbard and Hazel Weaver, cross-appealed, claiming that the trial court erred in granting summary judgment in favor of Dr. Halycon Ballard, the State Personnel Director, on their counterclaim filed against Dr. Ballard, in which they claimed that she violated their civil rights. That counterclaim was brought under the provisions of 42 U.S.C. §§ 1983 and 1988.
The dispute between the parties involves the interpretation of Act No. 679,1978 Acts of Alabama, Regular Session, p. 983, which, in pertinent part, provides:
“Section 1. The Legislature finds that the state employee classification clerk-stenographer III is a unique position in state government. It carries the highest rating in its class and is consistently utilized as a major secretarial position for senior supervisors. Attainment of the position normally requires many years of service. This service clothes the occupant with considerable experience in state government which is a valuable asset to the state. The Legislature further finds that compensation for this position is not in keeping with the time and responsibilities involved.
“Section 2. Any clerk-stenographer III serving as a state employee subject to the merit system laws who has state service for twenty (20) years or more and who has been classified and served as a clerk-stenographer III for ten (10) years or more, and who has served or been classified at the highest pay step of clerk-stenographer III for five (5) years or more, shall be entitled to and be paid the same salary as the highest rated clerk IV in the state classified service.
“Section 3. The State Personnel Department Director shall, immediately upon this Act becoming a law, determine those individuals in state service who are eligible for such increased pay and shall amend or otherwise incorporate in its records or pay schedule so as to reflect the increase herein provided and shall certify the same to the state comptroller, who shall issue his warrants in accordance therewith. ...”
It is undisputed that the two employees met the following requirements on the dates indicated:
Martha Hubbard:
1. 20 years as a state employee: November 1981
2. 10 years as a clerk steno III: January 17, 1983
3. 5 years at the top pay step, clerk steno III: January 1, 1980.
Hazel Weaver:
1. 20 years as a state employee: September 13, 1980
2. 10 years as clerk steno III: October 23, 1984
3. 5 years at the top pay step, clerk steno III: October 23, 1979.
The State Personnel Board and the State Personnel Director interpreted the language of Section 2 of Act 679 to be conjunctive, and required that all three requirements be met by an employee simultaneously. Hubbard and Weaver challenged this interpretation and threatened a suit against the Board if it did not find *232 them to be eligible for the benefits provided by the Act. They claimed the Act provided that any clerk-stenographer III, who met all three criteria, whether simultaneously or not, would be eligible for the benefits provided for by the Act.
The Personnel Board’s interpretation of the Act is based upon the premise that the Legislature and the Personnel Board adopted a new Uniform Classification and Pay Plan in May 1982, and that before the date of the adoption of the new pay plan, each of the two aggrieved employees met only the first and third criteria under Act 679, and that after the adoption of the new pay plan each employee met only the first and second criteria under Act 679. The new pay plan enacted in 1982 added several pay steps, so that, although Hubbard and Weaver thereafter logged 10 years as clerk-steno Ill’s, they had not been at the top step of the new clerk-steno III pay range for five years.
When the two employees threatened to file a lawsuit, the Personnel Board filed an action in the Circuit Court of Montgomery County, seeking a declaratory judgment interpreting Act 679.
Hubbard and Weaver answered the complaint, and also filed a counterclaim against the Board members individually, and against Dr. Halycon Ballard, the State Personnel Director, under 42 U.S.C. §§ 1983 and 1988, alleging that the Personnel Board’s interpretation of Act 679 and the State Personnel Director’s application of the Act under the Board’s rule denied them due process and equal protection under the Fourteenth Amendment to the United States Constitution. Hubbard and Weaver also joined as additional counterclaim defendants the heads of the two departments where they work. A motion to dismiss the counterclaim against the individual Board members and Dr. Ballard, who were not plaintiffs in their individual capacities, was denied. Judge Gordon, after hearing testimony on the claims, ruled that Hubbard and Weaver were entitled to the salary benefits of the Act, and ordered back pay from its effective date. After Hubbard and Weaver had voluntarily dismissed their § 1983 action against all but Dr. Ballard, Judge Gordon granted summary judgment in favor of Dr. Ballard.
The trial court held a hearing on the complaint and entered the following memorandum opinion and order:
“The Alabama State Personnel Board, its director and members have filed a declaratory judgment action requesting that the Court determine if they are correct in their interpretation of 1982 Ala. Acts 679 as it applies to the employee-defendants, who are clerk-steno Ills in the state classified service.
“The Act provides that clerk-stenographer Ills (Clerk Ills) shall be paid at the top rate of pay for a Clerk IV if the Clerk III has (1) been in state service for twenty years, (2) ... been a Clerk III for ten years; and (3) ... been at the top pay level for a Clerk III for five years.
“HISTORY OF THE ACT
“Prior to the passage of Act 679 there were a substantial number of Clerk Ills who were at the top of their pay scale and could not advance in pay other than by receiving an across-the-board raise. Additionally, they could not advance to the higher job classification of Clerk IV because historically the Clerk IVs were confidential secretaries assigned only to department heads. Clerk Ills were assigned to division heads.
“The purpose of the Act was to provide a pay increase to long term Clerk Ills who were efectively stalled at the top of the Clerk III pay scale.[1]
“THE NEW CLASSIFICATION AND PAY PLAN
“In 1982 a new comprehensive classification and pay plan was proposed by the Board, approved by the Legislature (with recommendations) and adopted by the *233 Board.[2] The new plan specified eighteen pay steps whereas the old plan had seven. Additionally, the Clerk III and Clerk IY classifications were retained in the new plan although the Board rewrote the job descriptions.[3] When the new plan was adopted the defendants’ pay was set at step 15 of the Clerk III classification.
“At the time of the adoption of the new plan the defendants had each been in state service for twenty years and had been at the top of the pay level for Clerk III for five years; however, neither had been a Clerk III for ten years. Both have now been Clerk Ills for ten years.
“CONTENTIONS OF THE PARTIES
“The defendants contend that they do not have to meet the requirements of Act 679 in the order [in which] they are listed, and once having met the requirement of being classified at the highest pay step of Clerk III for five years under the old pay plan, they do not have to meet this requirement again under the new pay plan even though they had not been classified as Clerk Ills for ten years when the new plan was adopted.
“APPLICABLE LAW
“Act 679 was not repealed by the adoption of the new classification and pay plan. Anderson v. Ballard, Civil Action No. CV-83-495-Th (Circuit Court of Montgomery County, Alabama, Nov. 7, 1983). The use of the conjunctive in a statute evidences the legislative intent that all the criteria must be fulfilled in order to receive its benefits. 1A Sutherland Statutory Construction § 21.14 (4th ed). There is no requirement that statutory criteria be met in the order [in which] they are enumerated. Green Bay Broadcasting Co. v. Redevelopment Authority of Green Bay, [116 Wis.2d 1] 342 N.W.2d 27 (Wisc.1983). The duty of the Court is to interpret and apply the statute, not to determine its wisdom. National Wildlife Federation v. Marsh, 721 F.2d 767, 770 (11th Cir.1983). The application of a statute in the same factual context by the board charged with its administration is entitled to weight. Alabama Power Co. v. Patterson, 224 Ala. 3[, 138 So. 421] (1931). Administrative agencies have no special skill in statutory interpretation; this is the area in which the courts are the final authority. Western Coal League v. United States, 694 F.2d 378, 383 (5th Cir.1982).
“CONCLUSIONS OF LAW
“The Court holds that the defendants do not have to again meet the five year requirement, and, therefore, the Board has erroneously applied Act 679 to the defendants.
“The act contains no requirement that all the criteria must be met in the order [in which] they are enumerated before a Clerk III is entitled to the pay increase. See, Green Bay Broadcasting Co., supra. Indeed, Mr. Flowers testified that the time criteria do not logically correlate to an employee’s progression through the merit system; and that an employee would probably meet the criteria in different sequences. The Court presumes that the legislature was aware of this when the act was passed. Miller v. State, 349 So.2d 129 (Ala.Crim.App.1977). See, 2A Sutherland, Statutory Construction § 45.12 (4th ed.).
“The Court also presumes that when the legislature approved the proposed classification plan in 1982 that it was aware of Act 679,[4] that it was aware that *234 the new plan was based on a pay for performance philosophy; and because the legislature left the act intact, the Court holds that the legislature intended the act to have continued applicability.
“The core contention of the board seems to be that the increased pay provided under the new plan by the inclusion of additional pay steps corrects the pay inequity under the old plan as it was perceived by the 1978 Legislature. The Court cannot speculate whether the 1978 Legislature would find that present pay levels remedy the previous disparity.
“The Court holds the defendants are entitled to the benefits of Act 679 as of the date that each served as a Clerk III for ten years, and, in addition, each is entitled to back pay at the highest rate of a Clerk IV from the date they became eligible under Act 679.
“An appropriate judgment will be entered.”
“DONE and ORDERED in chambers this the 3rd day of February, 1986.
“/s/William R. Gordon “WILLIAM R. GORDON “CIRCUIT JUDGE”
The Personnel Board contends that the trial court used the wrong standard in reviewing the intent of the Legislature, and that the court should have given more credence to the interpretation of the legislative acts made by the Personnel Board, which administers the acts. In short, the Personnel Board contends that the Legislature’s purpose in enacting Act 679 was to provide a benefit for a specific class of employees who had been in state service for a long time and were stalled at the top of their pay range with no further step increases available. The Personnel Board argues that the two employees are not eligible for the benefits under Act 679 because they have not been stalled at the top of their pay range for five years, after adoption of the new comprehensive classification and pay plan.
While the interpretation which the Personnel Board seeks to have this Court adopt is one which could reasonably be made, we are of the opinion that it does not represent the manifest meaning of Act 679. It is the duty of this Court “to ascertain and effectuate legislative intent as expressed in the statute.” Shelton v. Wright, 439 So.2d 55, 57 (Ala.1983). We agree with the trial court that Act 679 was not repealed by the adoption of the new classification and pay plan, either expressly or impliedly; therefore, the judgment of the trial court was correct in holding that the two state employees are entitled to receive the benefits of Act 679; its judgment is due to be affirmed on the appeal.
We now address the cross-appeal filed by the employees. They contend that the trial court erred in granting summary judgment in favor of Dr. Ballard on their counterclaim for violation of their constitutional rights. The trial court was of the opinion that Dr. Ballard was entitled to qualified immunity, and that that immunity prohibited any recovery against her under the facts of this case. Appellees further argue that, even if qualified immunity is a bar to the recovery of damages, it is not a bar to the award of attorney fees, citing Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).
The employees contend that the evidence shows without dispute that Dr. Ballard acted in bad faith, or acted by misinterpreting the law. The employees contend that the evidence shows that Dr. Ballard was adamantly opposed to Act 679; that she requested an attorney general’s opinion, but that when she found out that it would be adverse to her view of Act 679, she withdrew the request; and that in another lawsuit brought by a state employee against her, Anderson v. Ballard, Civil Action No. CV-83-495-Th (unreported), Circuit Court of Montgomery County, Alabama, November 7,1983, the court had held that Act 679 provided benefits under a similar factual setting. No appeal was taken in that case.
We are of the opinion that the trial court did not err in granting summary judgment in favor of Dr. Ballard on the *235 ground that she was entitled to a qualified immunity. We are also of the opinion that the trial court did not err in refusing to award the appellees any attorney fees under the provisions of 42 U.S.C. § 1988; therefore, the judgment of the trial court is due to be affirmed on the cross-appeal also.
AFFIRMED ON APPEAL; AFFIRMED ON CROSS-APPEAL.
JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.

. “Testimony of Thomas G. Flowers, Deputy Director of the Personnel Department and Chief of the Classification Section.”

. "The state personnel board is charged with the duty of adopting and modifying classification and pay plans. Ala.Code Section 36-26-6(b)(2).
"See, 1981 Ala.Acts 1182 and Ala.H.RJ.Res. 345, 1982 Reg.Sess.”

. "The court has examined and compared the old and new job descriptions and finds that they do not differ in material respects. The Court, for instance, notes that the job qualifications for each classification remain identical.”

."See, 1981 Ala.Acts 1182 and Ala.H.RJ.Res. 345, 1982 Reg.Sess. Public hearings were held prior to the approval of the new plan by the legislature and its adoption by the Board.
"The same rules that apply to statutory interpretation also apply to the interpretation of resolutions because they both concern themselves *234 with legislative expression. 1A Sutherland Statutory Construction § 29.08 (4th ed.)."