792 So.2d 419 (2000)
REYNOLDS METALS COMPANY
v.
STATE DEPARTMENT OF INDUSTRIAL RELATIONS et al.
2990830 to 2990838.
Court of Civil Appeals of Alabama.
September 15, 2000.
Certiorari Denied February 16, 2001.
*420 William F. Gardner and Joseph V. Musso of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham; and Braxton W. Ashe and J. Michael Tanner of Ashe, Tanner, Wright & Kelley, Tuscumbia, for appellant.
Frank D. Marsh, general counsel, State Department of Industrial Relations, for appellee.
Alabama Supreme Court 1000025.
ROBERTSON, Presiding Judge.
These 17 consolidated appeals from judgments of the Lauderdale County Circuit Court concern the meaning of a portion of § 25-4-78(5), Ala.Code 1975, relating to disqualification of claimants for unemployment-compensation benefits for failure to apply for or accept available suitable work without good cause. Specifically, the common issue framed by Reynolds and the State Department of Industrial Relations ("DIR") is whether the trial court properly concluded that DIR had correctly determined that 17 laid-off workers ("the workers")[1] at manufacturing plants of Reynolds Metals Company ("Reynolds") in northwest Alabama were not "seeking to establish" a "benefit year" when the workers were offered employment by the purchaser of those plants.
In February 1999, the workers were notified that on March 31, 1999, they would be permanently laid off from their employment at Reynolds. At that time, Reynolds was contemplating the sale of its northwest Alabama manufacturing plants *421 to Wise Alloys LLC ("Wise"). Because the workers had "seniority dates" of February 1994 or earlier, Wise offered, between March 15 and March 18, 1999, to employ all[2] of the workers at the manufacturing plants after March 31, 1999. However, the record reveals that the terms and conditions of the employment Wise offered to the workers were not equivalent to the terms and conditions of the workers' employment at Reynolds. Wise's employment offer to the workers, compared to employment with Reynolds, involved (1) a $1.00 reduction in hourly pay, (2) a reduction in the amount of vacation time, (3) discontinuance of profit-sharing and gain sharing, and (4) discontinuance of matching contributions to the workers' retirement plans established under 26 U.S.C. § 401(k). Because of these differences, the workers did not accept Wise's employment offer, and did not work for Wise after their layoff by Reynolds on March 31, 1999.
Between April 5 and April 9, 1999, the workers filed applications with DIR for unemployment-compensation benefits and were thereafter awarded compensation by DIR examiners. Reynolds sought administrative review of the decisions to award unemployment-compensation benefits to the workers. After a consolidated hearing before a DIR referee, the awards of compensation were affirmed. In affirming the examiners' decisions, the appeals referee concluded, in part, as follows:
"A claimant does not seek to establish an unemployment compensation claim until he/she actually files a claim. No job offer was made after [each of the workers had] filed a claim for unemployment compensation benefits. Thus, the [workers] did not refuse an offer of available suitable work. Therefore, the [workers are] not subject to a disqualification under [§ 25-4-78(5), Ala.Code 1975]."
Reynolds appealed from the referee's decisions to DIR's Board of Appeals, which entered orders affirming the referee's decisions as to the workers. After Reynolds had sought judicial review of those orders,[3] DIR filed summary-judgment motions, supported by affidavits of the workers and by its records; Reynolds opposed these motions by filing hearing-transcript excerpts and affidavits of its former regional director of industrial relations. The trial court entered summary judgments in favor of DIR and the workers, from which judgments Reynolds has appealed.
Because the pertinent facts in these cases are undisputed, we review the trial court's application of law to those facts to determine whether DIR and the workers were entitled to judgments as a matter of law. Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997). No presumption of correctness attaches to the decision of the trial court on a summary-judgment motion, and our review of such a decision is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala. Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
*422 Alabama's Unemployment Compensation Act ("the Act") dates from 1935; as amended, it is now codified at § 25-4-1 et seq., Ala.Code 1975. The purpose of the Act is to provide a worker with funds to avoid a period of destitution because of the loss of employment. Hale v. Cullman County Bd. of Educ., 465 So.2d 1143, 1145 (Ala.Civ.App.1984). The Alabama Supreme Court has stated that the purpose of the Act is "beneficent" and that Alabama's unemployment-compensation law "should be construed liberally to effectuate its purpose." Ex parte Doty, 564 So.2d 443, 446 (Ala.1989). As we stated in State Department of Industrial Relations v. Bryant, 697 So.2d 469 (Ala.Civ.App. 1997), "[t]he Unemployment Compensation Act is insurance for the unemployed worker and is intended to be a remedial measure for his benefit[; i]t should be liberally construed in the claimant's favor and the disqualifications from benefits should be narrowly construed." 697 So.2d at 470 (citations and internal quotation marks omitted).
Among the statutory bases for disqualification from receiving unemployment-compensation benefits is "failure to accept suitable work." See § 25-4-78(5), Ala. Code 1975. Under that provision, one claiming unemployment-compensation benefits will be disqualified, for not less than one week nor more than 10 weeks, if the claimant "fails, without good cause, either to apply for or to accept suitable work" when, among other things, he or she is notified of suitable work. We note that on appeal, DIR does not contend that employment under the terms and conditions offered by Wise was not "suitable work," or that the workers had good cause not to apply for or accept work with Wise.
However, § 25-4-78(5) is subject to the following limiting language: "This disqualification shall not apply unless the individual has an established benefit year, or is seeking to establish one ... at the time [the claimant] fails[,] without good cause, to do any of the acts set out in this subdivision (5)" (emphasis added). Under another portion of the Act (§ 25-4-3, Ala.Code 1975), a "benefit year" is defined as the one-year period beginning with the first day of the first week with respect to which an individual who is unemployed first files a valid claim for benefits.[4]
It is undisputed that at the time Wise offered to employ the workers (i.e., no later than March 18, 1999), the workers had not established a "benefit year"their "benefit year" started no earlier than April 5, 1999, the first day of the first week in which they first filed their applications for unemployment-compensation benefits. However, Reynolds contends that the workers were, at the time of Wise's job offer, "seeking to establish" a benefit year and thus that the workers should be disqualified under § 25-4-78(5).
We note that that part of § 25-4-78(5) limiting the "failure-to-accept-suitable-work" disqualification to those who have established, or are seeking to establish, a benefit year was first enacted in 1955. See 1955 Ala. Acts No. 360. In the 45 years since that language was added to the Act, the appellate courts of this state have issued no opinions specifically addressing the meaning of the phrase "seeking to establish" as it is used in § 25-4-78(5).
In considering the meaning of the term "seeking to establish," we start with the settled principle that a court, in interpreting a statute, will give words used therein their "natural, plain, ordinary, and *423 commonly understood meaning." Ex parte Etowah County Bd. of Educ., 584 So.2d 528, 530 (Ala.1991). The word "seek" is commonly defined as to "request" or "ask for." Merriam Webster's Collegiate Dictionary, "Seek" def. 3 (10th ed.1997); see also Henry v. Cullum Cos., 891 S.W.2d 789, 794 (Tex.Ct.App.1995) (interpreting term "seek ... any goods or services" in state deceptive-trade-practices act as meaning "to request" or "ask for" goods or services; citing Westinghouse Supply Co. v. Page & Wirtz Constr. Co., 647 S.W.2d 44, 47 (Tex.Ct.App.1982)). The "natural, plain, ordinary, and commonly understood meaning of "seeking to establish" a "benefit year" would thus appear to involve a "request" on the part of a claimant, such as one of the workers in these cases, for unemployment-compensation benefits from DIR.
We also note that DIR, the administrative agency charged with administering the Act (see § 25-2-2(4), Ala.Code 1975), has interpreted the term "seeking to establish" in § 25-4-78(5) as mandating disqualification only if the unemployed worker has actually filed a claim at the time he or she fails, without good cause, to accept suitable work of which he or she is notified. We are not at liberty, as Reynolds suggests, to ignore DIR's interpretation.[5] "[I]t is well established that in interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if the interpretation is reasonable." Ex parte State Dep't of Revenue, 683 So.2d 980, 983 (Ala.1996). "Absent a compelling reason not to do so, a court will give great weight to an agency's interpretations of a statute and will consider them persuasive." Id.
Finally, we emphasize that what is under review is the scope of a provision in the Act that disqualifies otherwise qualified persons claiming unemployment-compensation benefits from receiving benefits for periods between 1 and 10 weeks. As we have noted, Alabama precedent requires that we liberally construe the Act in favor of workers seeking unemployment-compensation benefits and that we narrowly construe any disqualification provisions. Bryant, 697 So.2d at 470; see also Ex parte Sargent, 634 So.2d 1008, 1009 (Ala.1993).
When Wise offered to employ the workers, in mid-March 1999, the workers had not filed any applications asking for, or requesting, unemployment-compensation benefits. DIR's conclusion that the workers were therefore not, at that time, "seeking to establish" a benefit year so as to temporarily disqualify them from receiving benefits is a reasonable interpretation of that term, which envisions more than a mere mental operation or a plan to later request benefits. We have, as Ex parte State Department of Revenue requires, given "great weight" to DIR's interpretation of § 25-4-78(5), especially in light of our duty to construe narrowly the Act's disqualification provisions. We conclude that DIR, as a matter of law, properly awarded benefits to the workers in these cases and that the trial court's summary judgments are due to be affirmed.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
*424 CRAWLEY, Judge, dissenting.
I conclude that the trial court erred by entering the summary judgment for the Department of Industrial Relations ("DIR"). The dispute in this case is the interpretation of Ala.Code 1975, § 25-4-78(5), which states:
"An individual shall be disqualified for total or partial unemployment:
". . . .
"(5) FAILURE TO ACCEPT AVAILABLE SUITABLE WORK, ETC.If he fails, without good cause, either to apply for or to accept available suitable work or to return to his customary self-employment when so directed by the director or when he is notified of suitable work or it is offered to him through a state employment office or the United States Employment Service, or directly or by an employer by whom the individual was formerly employed. Such disqualification shall be for a period of not less than one nor more than 10 weeks from the date of said failure. The disqualification shall not apply unless the individual has an established benefit year, or is seeking to establish one or is seeking extended benefits at the time he fails without good cause, to do any of the acts set out in this subdivision (5)."
(Emphasis added.)
The dispute between DIR and Reynolds is the interpretation of the wording emphasized in this quotation from the statute, particularly the interpretation of the phrase "seeking to establish," as used in regard to a benefit year. DIR contends that the phrase "seeking to establish," was used in regard to a benefit year, necessarily contemplates that an offer of employment be made when the claimant is unemployed. Reynolds argues that "seeking to establish" contemplates the situation in this casethe claimant is offered employment before he or she becomes unemployed, and then files for unemployment benefits. Reynolds argues that if the offered employment is "suitable," as required by the statute, then the claimant is precluded from receiving unemployment benefits even if the offer was made before the claimant became unemployed. In interpreting statutes, the court must "ascertain and effectuate legislative intent as expressed in the statute." Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984). To do so, we must first focus our attention on the language of the statute and effectuate the intent clearly expressed therein if the language is unambiguous. City of Hartselle, 460 So.2d at 1223. The language in the statute must be given its "natural, plain, ordinary, and commonly understood meaning." Id.
I agree with the majority that the Unemployment Compensation Act should be interpreted in the claimant's favor and that exclusions from benefits are narrowly interpreted. However, I would interpret § 25-4-78(5) as Reynolds argues it should be interpreted. DIR'S interpretation of the statute is persuasive authority for the court, and its interpretation should be given some deference. Robinson v. City of Montgomery, 485 So.2d 695 (Ala.1986). However, that deference is given only to a reasonable interpretation. Alabama Metallurgical Corp. v. Alabama Public Serv. Comm'n, 441 So.2d 565 (Ala.1983). "Administrative agencies have no special skill in statutory interpretation; this is the area in which the courts are the final authority. Western Coal Traffic League v. United States, 694 F.2d 378, 383 (5th Cir.1982)." Alabama State Personnel Bd. v. Hubbard, 508 So.2d 230, 233 (Ala.1987). DIR's argument gives no effect to the phrase "seeking to establish." I conclude that DIR's interpretation is not reasonable. That *425 phrase must necessarily contemplate the situation in this case.
These claimants should not be able to obtain unemployment compensation when, less than a month before becoming unemployed, they rejected an offer of employment for the same position they had at Reynolds. I would hold that these claimants were "seeking to establish" a benefit year at the time they rejected Wise Alloy's offer of employment. The claimants do not dispute that Wise Alloy's offer was "suitable."
I conclude that it makes no difference that the offer was made before the claimants were actually unemployed; the evidence is undisputed that the claimants knew that they would soon be unemployed unless they accepted this offer from Wise Alloys. These claimants should not be allowed to collect unemployment compensation after they have rejected a "suitable" offer of employment. Therefore, I would reverse the trial court's summary judgment for DIR.
NOTES
[1] The workers are John W. Terry; Sharon S. Allen; Jimmy P. Burgess; William D. Brown; Roger D. Daniel; Charles F. Dickerson; Royce L. Harper; Terry B. Helton; Glenn R. Killen; Doyle May, Jr.; Raymond Mayes; Richard A. Parker; Richard W. Prestage; Loyd L. Pruitt; James T. Russell; Lawrence Underwood; and Danny G. Watson.
[2] Roger Daniel and Royce Harper submitted affidavits in the trial court in which they stated that they were not offered employment by Wise although they had submitted applications for such employment. However, those statements are not argued as bases for affirmance of the judgments in their cases, and we do not address the effect of those statements.
[3] Several of the judicial-review proceedings were improperly filed in Lawrence County, but were transferred to Lauderdale County pursuant to the holding of Ex parte General Motors Corp., [Ms. 1981717, Feb. 25, 2000] ___ So.2d ___ (Ala.2000).
[4] Reynolds does not contend that before their termination by Reynolds, the workers had not earned sufficient wages to render their work "insured" under the Act.
[5] We note that the main opinion in McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156 (Ala.1996), upon which Reynolds relies in this context, is not binding precedent, having been concurred in by only three justices of the Alabama Supreme Court. See Harvey v. City of Oneonta, 715 So.2d 779, 780 (Ala.1998) (opinion joined by two justices had "no precedential value").