42 So.3d 132 (2010)
Robert L. HARRISON
v.
STATE DEPARTMENT OF INDUSTRIAL RELATIONS.
2080886.
Court of Civil Appeals of Alabama.
January 22, 2010.
Robert L. Harrison, pro se.
Frank D. Marsh, gen. counsel, and Shirley Z. Brown, deputy gen. counsel, Alabama Department of Industrial Relations, for appellee.
PER CURIAM.
Robert L. Harrison appeals from a summary judgment in favor of the State Department of Industrial Relations ("DIR"). The summary judgment was based upon Harrison's failure to timely file an appeal of DIR's determination that he was ineligible to receive unemployment-compensation benefits.
The record indicates the following. Harrison, who has appeared pro se throughout these proceedings, filed a claim with DIR for unemployment-compensation benefits on February 24, 2008. On March 20, 2008, DIR mailed Harrison a "Notice of Determination" ("the notice") denying *133 Harrison's claim. The notice consists of a completed preprinted form, known as a Form BEN-11, and includes instructions on how to appeal from an adverse ruling. The instructions state that an appeal must be filed within 15 calendar days from the date the notice is mailed to the claimant. In this case, the notice was mailed by first-class mail, postage prepaid, to Harrison's last known address, and it was not returned to DIR as undeliverable. Harrison claimed he did not receive the notice.
On December 9, 2008, more than eight months after the notice had been mailed, Harrison attempted to appeal from the denial of his claim. On December 11, 2008, DIR sent Harrison a notice that his appeal was deemed late, but DIR granted a hearing on the issue of the timeliness of his appeal. The hearing was held on February 24, 2009, after which the administrative hearing officer who heard the appeal issued a decision that Harrison's appeal was untimely. On February 26, 2009, that decision was mailed to Harrison at the same address as the other notices.
Harrison timely appealed the hearing officer's decision to the DIR Board of Appeals. The Board of Appeals "disallowed" Harrison's appeal. Harrison then timely filed an appeal with the Jefferson Circuit Court. DIR moved for a summary judgment on the ground that Harrison had failed to timely appeal the March 2008 determination denying his claim. After a hearing on the motion, the trial court entered a summary judgment in favor of DIR. Harrison timely appealed to this court.
"We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala. 2002).
"`We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.'
"Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 372 [(Ala.2001)] (citations omitted), quoted in American Liberty Ins. Co., 825 So.2d at 790."
Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002).
The only issue Harrison raises on appeal is whether DIR violated § 41-22-16(d), Ala.Code 1975, of the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala.Code 1975, by sending the initial notice of the denial of his claim for benefits by first-class mail rather than by certified mail. Section 41-22-16(d) provides as follows:
"(d) Parties shall be notified either personally or by certified mail return receipt requested of any order and, unless waived, a copy of the final order shall be so delivered or mailed to each party or to his attorney of record. Provided, however, that, except as hereinafter provided, notification of any order other than a final decision or order subject to judicial review may, where permitted by existing statute, be delivered by first class mail, postage prepaid, *134 and delivery shall be effective upon deposit of the notice and, unless waived, the final order in the mail; provided, the notification of the final order subject to judicial review, together with a copy of the final order, shall be delivered either by personal service as in civil actions or by certified mail, return receipt requested."
(Emphasis added.)
The issue whether the notice of determination, i.e., the completed DIR Form BEN-11, was a "final decision or order subject to judicial review" was not explicitly raised before the trial court. However, Harrison did argue in the trial court that DIR was required to send the notice to him by certified mail, return receipt requested, and that it violated the requirements of the AAPA when it mailed the notice by first-class mail. Therefore, implicit in the trial court's judgment is a determination that the notice at issue was not a "final decision or order subject to judicial review" required to be sent by certified mail.
In his argument that the notice had to be mailed to him by certified mail, Harrison ignores earlier provisions in § 41-22-16 that describe final orders that must be sent to the parties by certified mail. Those provisions provide as follows:
"(a) The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 30 days:
"(1) After the hearing is concluded, if conducted by the agency;
"(2) After a recommended order, or findings and conclusions are submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer; or
"(3) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing. The 30 day period may be waived or extended with the consent of all parties and may be extended by law with reference to specific agencies.
"(b) Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record which support the findings. If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request."
§ 41-22-16, Ala.Code 1975 (emphasis added).
The initial notice sent to Harrison informing him that DIR had denied his claim was not a "final order" that resulted from a proceeding. At the point the notice was mailed to Harrison, nothing had yet been contested; there was no arbiter considering the assertions of each party who could have issued a final order. As § 41-22-16(d) provides, notices other than final decisions or orders may be sent first-class mail.
Furthermore, the March 20, 2008, decision was not a "final decision or order subject to judicial review" so as to mandate notice by certified mail under Ala. Code 1975, § 41-22-16(d) (emphasis added). Alabama's unemployment law provides that "[n]o circuit court shall permit an appeal from a decision allowing or disallowing a claim for [unemployment] benefits unless the decision sought to be reviewed is that of an appeals tribunal or of *135 the board of appeals and unless the person filing such appeal has exhausted his administrative remedies ...." § 25-4-95, Ala.Code 1975 (emphasis added). Further, § 25-4-91(c)(1), Ala.Code 1975, requires merely that notice of decisions on unemployment claims be "promptly given to the claimant and the claimant's last employing unit by delivery thereof or mailing such notices to their last known addresses" (emphasis added). Service authorized by mail is completed upon mailing, not upon receipt. See Elliott v. Board of Equalization & Adjustment of Jefferson County, 469 So.2d 602, 604 (Ala.Civ.App. 1984); McCoy v. Bureau of Unemployment Compensation, 81 Ohio App. 158, 161-62, 77 N.E.2d 76, 78 (1947).
DIR did not violate the AAPA by sending the initial notice of determination to Harrison by first-class mail. Harrison failed to timely appeal from that notice. Accordingly, the trial court's summary judgment in favor of DIR is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing, which BRYAN, J., joins.
MOORE, Judge, dissenting.
I respectfully dissent from the majority's decision to affirm the circuit court's judgment.
The record in this case reveals that Robert L. Harrison filed a claim for unemployment-compensation benefits on February 24, 2008. On March 20, 2008, the State Department of Industrial Relations ("DIR") mailed Harrison a "Notice of Determination" denying Harrison's claim ("the denial notice"). The denial notice includes instructions on how to appeal the determination denying Harrison's claim; those instructions state that an appeal must be filed within 15 calendar days from the date the notice is mailed. DIR presented evidence indicating that the denial notice was mailed to Harrison's last-known address, postage prepaid, and that the denial notice was not returned as undeliverable. Harrison asserted, however, that he did not receive the denial notice.
On December 9, 2008, Harrison filed with DIR an appeal from the denial of his claim. DIR mailed a notice to Harrison on December 11, 2008, informing him that his appeal was deemed to have been filed late; that notice afforded Harrison appeal rights on only the issue of the timeliness of his appeal. A hearing was held on February 24, 2009, after which the administrative hearing officer who heard the appeal issued a decision affirming that Harrison's appeal was untimely. That decision was mailed to Harrison on February 26, 2009. Harrison appealed the decision of the administrative hearing officer to the DIR Board of Appeals. The Board of Appeals denied his application for leave to appeal the administrative hearing officer's decision. Harrison filed an appeal to the Jefferson Circuit Court.
DIR filed a motion for a summary judgment based on the untimeliness of Harrison's initial appeal from the denial notice. Harrison filed a motion for a summary judgment, asserting that DIR had failed to comply with § 41-22-16(d), Ala.Code 1975, a part of the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala.Code 1975, by failing to send the denial notice by certified mail. After a hearing, the circuit court entered a summary judgment in favor of DIR. Harrison filed a motion to alter, amend, or vacate that judgment on June 23, 2009; that motion was denied on June 29, 2009. Harrison timely appealed to this court.
*136 On appeal, Harrison argues that DIR violated § 41-22-16(d) by failing to send the denial notice by certified mail. Section 41-22-16(d) provides:
"Parties shall be notified either personally or by certified mail return receipt requested of any order and, unless waived, a copy of the final order shall be so delivered or mailed to each party or to his attorney of record. Provided, however, that, except as hereinafter provided, notification of any order other than a final decision or order subject to judicial review may, where permitted by existing statute, be delivered by first class mail, postage prepaid, and delivery shall be effective upon deposit of the notice and, unless waived, the final order in the mail; provided, the notification of the final order subject to judicial review, together with a copy of the final order, shall be delivered either by personal service as in civil actions or by certified mail, return receipt requested."
Harrison argues that because the denial notice indicated that the decision to deny him unemployment-compensation benefits became final in 15 days, it is a final decision or order within the purview of § 41-22-16(d) and, thus, was required to be delivered by certified mail, return receipt requested.
Section 41-22-16(d) requires that parties shall be notified either personally or by certified mail "of any order" and that "notification of any order other than a final decision or order subject to judicial review" may be delivered by first-class mail, postage prepaid. (Emphasis added.) The majority relies on the earlier provisions in § 41-22-16, which describe final orders that must be sent to the parties by certified mail, and determines that the denial notice "was not a `final order' that resulted from a proceeding," 42 So.3d at 134, and, thus, that the denial notice was exempt from the requirement that Harrison be notified either personally or by certified mail. The main opinion determines that the denial notice did not amount to a "final order" and, thus, that delivery of the denial notice was not required to be made via certified mail; I do not agree, however, that that is the end of our inquiry. "The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction." Alabama Indus. Bank v. State ex rel. Avinger, 286 Ala. 59, 62, 237 So.2d 108, 111 (1970). Because the legislature chose to include both final decisions and final orders in the language of § 41-22-16(d), I believe a determination whether the denial notice in the present case amounts to a final decision is also warranted.
The purpose of Alabama's Unemployment Compensation Act, § 25-4-1 et seq., Ala.Code 1975, is "`beneficent,'" and the act "`should be construed liberally to effectuate its purpose.'" Reynolds Metals Co. v. State Dep't of Indus. Relations, 792 So.2d 419, 422 (Ala.Civ.App.2000) (quoting Ex parte Doty, 564 So.2d 443, 446 (Ala. 1989)). Section 25-4-91, Ala.Code 1975, addresses determinations of claims for unemployment-compensation benefits. Section 25-4-91(d)(1) provides:
"Unless any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final."
(Emphasis added.) Thus, DIR's decision to deny Harrison unemployment-compensation benefits was a final decision.
The main opinion implies that DIR's decision to deny Harrison unemployment-compensation *137 benefits was not "subject to judicial review" because, at the time that decision was rendered, Harrison had not exhausted his administrative remedies. I disagree. The question raised by the main opinion's discussion is whether the phrase "subject to judicial review" requires that the matter is immediately ripe for review, as the main opinion clearly contends, or whether the matter must only ultimately be subject to review by a court of law, which I maintain is the correct interpretation.
I have located no cases in Alabama or any other state that define the phrase "subject to judicial review." However, there are a number of Alabama cases discussing matters that are not subject to judicial review. See Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham, 912 So.2d 204, 215-16 (Ala.2005) (discussing political questions barred from judicial resolution); Ex parte Houston County Bd. of Educ., 562 So.2d 513, 514-15 (Ala.1990) (circuit court was without jurisdiction to review a determination of the Alabama Board of Adjustment regarding the State's liability because decisions by the Board of Adjustment are not subject to judicial review); Barber v. Covington County Comm'n, 466 So.2d 945 (Ala. 1985) (county commission's exercise of discretionary powers is not subject to judicial review except for fraud, corruption, or unfair dealing); State Dep't of Revenue v. Teague, 441 So.2d 914, 916 (Ala.Civ.App. 1983) (classifications for taxation are not subject to judicial review unless arbitrary, oppressive, and capricious on their face); Byars v. Baptist Med. Ctrs., Inc., 361 So.2d 350, 354 (Ala.1978) (refusal of the board of directors of a private corporation to appoint a particular physician to the medical staff of a hospital is not subject to judicial review); and Mustell v. Rose, 282 Ala. 358, 362-63, 211 So.2d 489, 493 (1968) (the management of a school's internal affairs is not a matter for judicial review unless school authorities have acted arbitrarily, capriciously, maliciously, or in bad faith).
One definition of "subject" is "contingent on or under the influence of some later action." Merriam-Webster's Collegiate Dictionary 1243 (11th ed.2003).[1] "Judicial review," in turn, is defined as a "court's power to review the actions of other branches or levels of government" or a "court's review of a lower court's or an administrative body's factual or legal findings." Black's Law Dictionary 864 (8th ed.2004). In Hancock v. Commissioner of Education, 443 Mass. 428, 435, 822 N.E.2d 1134, 1140 (2005), the Supreme Judicial Court of Massachusetts discussed whether a case previously decided by that court had properly determined that a statute regarding education imposed an enforceable duty on the legislature. That court stated that some justices had posited that that case "impermissibly broadened the meaning of the education clause by imposing on the Commonwealth an enforceable obligationthat is, a duty subject to judicial review." 443 Mass. at 435 n. 4, 822 N.E.2d at 1140 n. 4. (emphasis added). Thus, Hancock indicates that a duty imposed on the legislature by a statute is subject to judicial review if it is one that can be enforced by a court. Consequently, a decision is subject to judicial review if it can be enforced or overturned by a court.
In the present case, DIR's decision to deny Harrison unemployment-compensation *138 benefits was a decision that could later be affirmed or reversed by the action of a court of law. Consistent with the definitions of "subject" and "judicial review," I conclude that § 41-22-16(d) contemplates that a decision subject to judicial review is one that is ultimately enforceable or susceptible to being overturned by a court.
Because, in my opinion, the language in § 41-22-16(d) is unambiguous and necessarily includes both "final decisions" and "final orders," and because the denial notice is a "final decision" that is "subject to judicial review" as stated in § 25-4-91(d)(1), I conclude that § 41-22-16(d) contemplates that final decisions to deny unemployment-compensation benefits should be delivered personally or by certified mail. Thus, I would reverse the circuit court's judgment and remand the case to the circuit court for that court to remand the case to DIR for further proceedings.
BRYAN, J., concurs.
NOTES
[1] Other definitions of "subject," when being used as an adjective, include "owing obedience or allegiance to the power or dominion of another" and "suffering a particular liability or exposure" or "having a tendency or inclination." Merriam-Webster's Collegiate Dictionary 1243 (11th ed.2003).