MOORE, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the circuit court’s judgment.
The record in this case reveals that Robert L. Harrison filed a claim for unemployment-compensation benefits on February 24, 2008. On March 20, 2008, the State Department of Industrial Relations (“DIR”) mailed Harrison a “Notice of Determination” denying Harrison’s claim (“the denial notice”). The denial notice includes instructions on how to appeal the determination denying Harrison’s claim; those instructions state that an appeal must be filed within 15 calendar days from the date the notice is mailed. DIR presented evidence indicating that the denial notice was mailed to Harrison’s last-known address, postage prepaid, and that the denial notice was not returned as undeliverable. Harrison asserted, however, that he did not receive the denial notice.
On December 9, 2008, Harrison filed with DIR an appeal from the denial of his claim. DIR mailed a notice to Harrison on December 11, 2008, informing him that his appeal was deemed to have been filed late; that notice afforded Harrison appeal rights on only the issue of the timeliness of his appeal. A hearing was held on February 24, 2009, after which the administrative hearing officer who heard the appeal issued a decision affirming that Harrison’s appeal was untimely. That decision was mailed to Harrison on February 26, 2009. Harrison appealed the decision of the administrative hearing officer to the DIR Board of Appeals. The Board of Appeals denied his application for leave to appeal the administrative hearing officer’s decision. Harrison filed an appeal to the Jefferson Circuit Court.
DIR filed a motion for a summary judgment based on the untimeliness of Harrison’s initial appeal from the denial notice. Harrison filed a motion for a summary judgment, asserting that DIR had failed to comply with § 41-22-16(d), Ala.Code 1975, a part of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975, by failing to send the denial notice by certified mail. After a hearing, the circuit court entered a summary judgment in favor of DIR. Harrison filed a motion to alter, amend, or vacate that judgment on June 23, 2009; that motion was denied on June 29, 2009. Harrison timely appealed to this court.
*136 On appeal, Harrison argues that DIR violated § 41-22-16(d) by failing to send the denial notice by certified mail. Section 41-22-16(d) provides:
“Parties shall be notified either personally or by certified mail return receipt ■requested of any order and, unless waived, a copy of the final order shall be so delivered[1] or mailed to. each party or to his attorney of record. Provided, however, that, except as hereinafter provided, notification of any order other than a final decision or order subject to judicial review may, where permitted by existing statute, be delivered by first class mail, postage prepaid, and delivery shall be effective upon deposit of the notice and, unless waived, the final order in the ,,mail; provided, the notification of the final older subject to judicial review, together with a copy of the final order, shall be delivered either by personal service as in civil actions or by certified mail, return receipt requested.”
Harrison argues that because the denial notice indicated that the decision to deny him unemployment-compensation benefits became final in 15 days, it is a final decision or order within the purview of § 41-22 — 16(d) and, thus, was required to be delivered by certified mail, return receipt requested.
Section 41-22-16(d) requires that parties shall be notified either personally or by certified mail “of any order” and that “notification of any order other than a final decision or order subject to judicial review” may be delivered by first-class mail, postage prepaid. (Emphasis added.) The majority relies on the earlier provisions in § 41-22-16, which describe final orders that must be sent to the parties by certified mail, and determines that the denial notice “was not a ‘final order’ that resulted from a proceeding,” 42 So.3d at 134, and, thus, that the denial notice was exempt from the requirement that Harrison be notified either personally or by certified mail. The main opinion determines that the denial notice did not amount to a “final order” and, thus, that delivery of the denial notice was not required to be made via certified mail; I do not agree, however, that that is the end of our inquiry.' “The general rule is that where the .language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.” Alabama Indus. Bank v. State ex rel. Avinger, 286 Ala. 59, 62, 237 So.2d 108, 111 (1970). Because the legislature chose to include both final decisions and final orders in the language of § 41-22 — 16(d), I believe a determination whether the denial notice in the present case amounts to a final decision is also warranted.
The purpose of Alabama’s Unemployment Compensation Act, § 25-4-1 et seq., Ala.Code 1975, is “ ‘beneficent,’ ” and the act “ ‘should be construed liberally to effectuate its purpose.’” Reynolds Metals Co. v. State Dep’t of Indus. Relations, 792 So.2d 419, 422 (Ala.Civ.App.2000) (quoting Ex parte Doty, 564 So.2d 443, 446 (Ala.1989)). Section 25-4-91, Ala.Code 1975, addresses determinations of claims for unemployment-compensation benefits. Section 25 — 4—91 (d)(1) provides:
“Unless any party to whom .notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final."
(Emphasis added.) Thus, DIR’s decision to deny Harrison unemployment-compensation benefits was a final decision.
The main opinion implies that DIR’s decision to deny Harrison unemployment- *137 compensation benefits was not “subject to judicial review” because, at the time that decision was rendered, Harrison had not exhausted his administrative remedies. I disagree. The question raised by the main opinion’s discussion is whether the phrase “subject to judicial review” requires that the matter is immediately ripe for review, as the main opinion clearly contends, or whether the matter must only ultimately be subject to review by a court of law, which I maintain is the correct interpretation.
I have located no cases in Alabama or any other state that define the phrase “subject to judicial review.” However, there are a number of Alabama cases discussing matters that are not subject to judicial review. See Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham, 912 So.2d 204, 215-16 (Ala.2005) (discussing political questions barred from judicial resolution); Ex parte Houston County Bd. of Educ., 562 So.2d 513, 514-15 (Ala.1990) (circuit court was without jurisdiction to review a determination of the Alabama Board of Adjustment regarding the State’s liability because decisions by the Board of Adjustment are not subject to judicial review); Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985) (county commission’s exercise of discretionary powers is not subject to judicial review except for fraud, corruption, or unfair dealing); State Dep’t of Revenue v. Teague, 441 So.2d 914, 916 (Ala.Civ.App.1983) (classifications for taxation are not subject to judicial review unless arbitrary, oppressive, and capricious on their face); Byars v. Baptist Med. Ctrs., Inc., 361 So.2d 350, 354 (Ala.1978) (refusal of the board of directors of a private corporation to appoint a particular physician to the medical staff of a hospital is not subject to judicial review); and Mustell v. Rose, 282 Ala. 358, 362-63, 211 So.2d 489, 493 (1968) (the management of a school’s internal affairs is not a matter for judicial review unless school authorities have acted arbitrarily, capriciously, maliciously, or in bad faith).
One definition of “subject” is “contingent on or under the influence of some later action.” Merriam-Webster’s Collegiate Dictionary 1243 (11th ed.2003).[1] “Judicial review,” in turn, is defined as a “court’s power to review the actions of other branches or levels of government” of a “court’s review of a lower court’s or an administrative body’s factual or legal findings.” Black’s Law Dictionary 864 (8th ed.2004). In Hancock v. Commissioner of Education, 443 Mass. 428, 435, 822 N.E.2d 1134, 1140 (2005), the Supreme Judicial Court of Massachusetts discussed whether a case. previously decided by that court had properly determined that a statute regarding education imposed an enforceable duty on the legislature. That court stated that some justices had posited that that case “impermissibly broadened the meaning of the education clause by imposing on the Commonwealth an enforceable obligation — that is, a duty subject to judicial review.” 443 Mass, at 435 n. 4, 822 N.E.2d at 1140 n. 4. (emphasis added). Thus, Hancock indicates that a duty imposed on the legislature by a statute is subject to judicial review if it is one that can be enforced by a court. Consequently, a decision is subject to judicial review if it can be enforced or overturned by a court.
In the present case, DIR’s decision to deny Harrison unemployment-compensa *138 tion benefits was a decision that could later be affirmed or reversed by the action of a court of law. Consistent with the definitions of “subject” and “judicial review,” I conclude that § 41~22-16(d) contemplates that a decision subject to judicial review is one that is ultimately enforceable or susceptible to being overturned by a court.
Because, in my opinion, the language in § 41-22~16(d) is unambiguous and necessarily includes both “final decisions” and “final orders,” and because the denial notice is a “final decision” that is “subject to judicial review” as stated in § 25-4-91(d)(1), I conclude that § 41-22-16(d) contemplates that final decisions to deny unemployment-compensation benefits should be delivered personally or by certified mail. Thus, I would reverse the circuit court’s judgment and remand the case to the circuit court for that court to remand the case to DIR for further proceedings.
BRYAN, J., concurs.

. Other definitions of "subject,” when being used as an adjective, include "owing obedience or allegiance to the power or dominion of another” and "suffering a particular hability or exposure” or "having a tendency or inclination.” Merriam-Webster’s Collegiate Dictionary 1243 (11th ed.2003).